UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

BEST PARTNERS MORTGAGE COOPERATIVE, INC.
d/b/a LENDERS ONE,

                                                 Plaintiff,

       -against-

PLAZA HOME MORTGAGE, INC.,

                                                 Defendant.

------------------------------------------------------------------------X

**COMPLAINT**

Civil Case No.:

_____

     Plaintiff, Best Partners Mortgage Cooperative, Inc. d/b/a Lenders One ("Lenders One"), by its attorneys, Cozen O'Connor, brings this action against Defendant, Plaza Home Mortgage, Inc. ("Plaza"), and alleges, upon information and belief:

## <u>NATURE OF ACTION</u>

     1.     This is an action for breach of contract. Plaza breached numerous terms of the February 19, 2016 Preferred Investor Agreement ("Agreement"), as amended by the March 1, 2023 First Amendment to The Preferred Investor Agreement ("First Amendment"), by failing to provide reporting and pay fees owed to Lenders One pursuant to the Agreement.

     2.     Due to Plaza's numerous breaches of the Agreement, Lenders One seeks damages that are continuing in nature, which currently exceed $415,611.09 and continue to increase with each successive breach every month. Lenders One further seeks interest, attorneys' fees, and litigation costs, as provided by the Agreement.

3.      Lenders One also seeks a declaration, pursuant to 28 U.S.C. § 2201, of Plaza's obligations under the Agreement to provide reporting and to pay all fees currently owed on loans purchased from Lenders One members and that Plaza will purchase from Lenders One members in the future.

## PARTIES

4.      Lenders One is a corporation formed under the laws of Delaware with its principal place of business in Texas.

5.      Plaza is a corporation formed under the laws of California with its principal place of business in California.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties to this action and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

8.      Plaza has submitted to this Court's personal jurisdiction in a related matter recently filed in this Court, captioned *Plaza Home Mortgage, Inc., v. Association of Certified Mortgage Originators Risk Retention Group, Inc., CastleLine Risk & Insurance Services, LLC, and Altisource Portfolio Solutions, Inc.*, Civil Case No. 1:24-cv-02191-VSB.

## FACTUAL ALLEGATIONS

9.      Lenders One is a national alliance of mortgage originators that provides mortgage-related products and services on a cooperative basis to its mortgage-lender members.

10.      Plaza is a mortgage lender that originates and purchases mortgage loans to sell to investors like Fannie Mae and Freddie Mac.

11.      Lenders One and Plaza entered into the Agreement. **A true and accurate copy of the Agreement is attached as Exhibit 1**.

2

12.     Pursuant to Section 3(a) of the Agreement, Plaza must pay monthly Production Marketing Fees[1] to Lenders One for each loan that Plaza purchases from Lenders One members ("Members"), as more fully described in the Agreement. *See* **Ex. 1.**

13.     Section 3(b) of the Agreement requires Plaza to timely pay Lenders One's invoices. *See* **Ex. 1, Sec. 3.**

14.     Section 4 of the Agreement further provides that Plaza shall: (1) bear interest at the lower of two percent per month or the maximum rate allowed by law for late payments; and (2) reimburse Lenders One for expenses incurred in pursuing its rights under the Agreement as a result of Plaza's default of payment, including, but not limited to, attorneys' fees and costs for pursing legal remedies. **Ex. 1, Sec. 4.**

15.     Section 11 of the Agreement requires Plaza to provide Lenders One a monthly mortgage purchase report of all loans purchased from Lenders One members in the previous month and obligates Plaza to provide each such report to Lenders One no later than the 15th day of the following month. *See* **Ex. 1, Sec. 11.**

16.     Section 17 of the Agreement requires Plaza to indemnify Lenders One against all losses Lenders One sustains because of Plaza's breach of the Agreement, including Plaza's failure to pay the Production Marketing Fees. **Ex. 1, Sec. 17.**

17.     Pursuant to Section 19 of the Agreement, Plaza agreed to pay the Production Marketing Fees for a period of one (1) year after the Agreement is terminated. **Ex. 1, Sec. 19.**

18.     The Agreement has a New York choice of law provision. **Ex. 1, Sec. 21.**

19.     Plaza, a sophisticated entity, expressly waived its right to a trial by jury for all disputes arising out of the Agreement. *Id.*

20.     Plaza further agreed to pay Lenders One's attorneys' fees and costs if Lenders One prevails in this action. **Ex. 1, Sec. 22.**

---

[1] A defined term in the Agreement. *See* **Ex. 1, Sec. 3**.

21.     Effective March 1, 2023, Lenders One and Plaza entered into the First Amendment. **A true and accurate copy of the First Amendment is attached as Exhibit 2**.

22.     The First Amendment extends the contract term by three years and amends the amount of the Production Marketing Fees owed by Plaza.  **Ex. 2, Sec. 1.3**.

23.     In Section 1.3(b) of the First Amendment, Plaza agreed to pay invoices submitted by Lenders One by the 15th day of the following month, and Section 1.3(c) requires Plaza to pay the Production Marketing Fees for a period of six months after the Agreement has been terminated. *See* **Ex. 2, Sec. 1.3(b)-(c)**.

24.     Lenders One fully performed its obligations under the Agreement, as amended by the First Amendment.

25.     Plaza regularly paid the Production Marketing Fees in accordance with the Agreement until the date of its initial breach, October 31, 2023, when Plaza stopped making Production Marketing Fees payments to Lenders One.

26.     On or about September 30, 2023, an invoice was sent to Plaza for Production Marketing Fees incurred in August 2023.

27.     On or about October 31, 2023, Plaza breached its obligations under the Agreement by refusing to pay the September 30, 2023 invoice and by not paying any further invoices for Production Marketing Fees that it received from Lenders One.

28.     Beginning on or about January 15, 2024, Plaza breached its obligations under Section 11 of the Agreement by no longer providing Lenders One monthly mortgage purchase reports identifying all of the loans that Plaza had purchased from Lenders One members in prior months.

29.     Without the monthly mortgage purchase reports, Lenders One cannot determine the amount of Production Marketing Fees that Plaza incurred in a prior month, making it virtually impossible for Lenders One to invoice Plaza for those fees.

30.     Plaza deliberately refused to provide monthly mortgage purchase reports to Plaza knowing that its bad faith conduct would interfere with Lenders One's ability to send invoices to Plaza.

31.     Despite Plaza's breach, Lenders One is able to estimate the amount of Production Marketing Fees that Plaza has incurred each month based on its historical average purchase activity.

32.     By letter dated February 7, 2024, Lenders One provided Plaza with written notice of default and demanded that Plaza cure its material breaches of the Agreement, as amended by the First Amendment. **A true and accurate copy of the February 7, 2024 letter is attached as Exhibit 3**.

33.     Plaza did not cure its breaches of the Agreement.

34.     As a result, Plaza's outstanding balance is now $415,611.09, exclusive of interest, attorneys' fees and costs, and that amount is continuing to increase each month.

35.     Upon information and belief, Plaza continues to purchase loans from Lenders One Members each month.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

36.     Lenders One repeats the allegations contained in paragraphs 1 through 35, as if fully set forth.

37.     The Agreement constitutes a valid and enforceable contract between Lenders One and Plaza.

38.     For valuable consideration, the parties entered into the Agreement for Lenders One's promotion of Plaza through Lenders One's sales team and marketing activities in return for payments by Plaza.

39.     Until the date of Plaza's breach, Lenders One fully performed its obligations under the Agreement.

40.     Plaza breached the Agreement by:

    a.    Failing to pay the Production Marketing Fees (Ex. 2, Sec. 1.3);

    b.    Failing to timely pay Lenders One's invoices (Ex. 2, Sec. 1.3(b));

    c.    Failing to pay all interest accrued to date (Ex. 1, Sec. 4);

    d.    Failing to timely submit monthly mortgage purchase reports of all loans purchased by Plaza (Ex. 2, Sec. 11);

    e.    Failing to indemnify Lenders One for attorney fees and costs Lenders One incurred because of Plaza's breach of the Agreement (Ex. 1, Sec. 17); and

    f.    Continuing to purchase loans from Lenders One Members without paying Production Marketing Fees owed to Lenders One (Ex. 2, Sec. 1.4).

41.     Plaza's breaches of the Agreement have caused damages that are continuing in nature, which currently exceed $415,611.09 and continues to increase with each successive breach every month due to its failure to pay the Production Marketing Fees. Lenders One seeks pre-judgment and post-judgment interest accruing from the date of the initial breach through the date that Plaza's obligations are satisfied in full.

42.     Plaza's breaches of the Agreement have further damaged Lenders One by forcing Lenders One to incur attorneys' fees and costs pursuing legal remedies against Plaza, including the filing of this action and all costs incurred prosecuting this action.

<u>**SECOND CAUSE OF ACTION**</u>

<u>**(Declaratory Judgment)**</u>

43.     Lenders One repeats the allegations contained in paragraphs 1 through 42, as if fully set forth.

44.     Plaza disputes its legal obligation to provide monthly mortgage purchase reports and to pay the Production Marketing Fees pursuant to the Agreement.

45.     Pursuant to 28 U.S.C. § 2201, Lenders One is entitled to a declaration by this Court of Plaza's obligations under the Agreement.

46.     An actionable and justiciable controversy exists between Lenders One and Plaza concerning Plaza's obligations and money owed to Lenders One pursuant to Agreement, including:

    a.     Plaza's obligation to provide monthly mortgage purchase reports to Lenders One; and

    b.     Plaza's obligation to pay the Production Marketing Fees for loans that Plaza has purchased and will continue to purchase from Lenders One members for the duration of the Agreement, including in the future.

47.     Pursuant to 28 U.S.C. § 2201, this Court should enter a declaratory judgment in favor of Lenders One and against Plaza, declaring that Plaza is obligated to pay Lenders One the Production Marketing Fees that have accrued and will continue to accrue under the Agreement and to provide Lenders One the monthly mortgage purchase reports required by the Agreement, and providing any other relief that this Court deems proper. Such declarations would resolve the current controversy between Lenders One and Plaza.

**WHEREFORE**, Lenders One respectfully requests judgment as follows:

A.     On the First Cause of Action, awarding damages, which are continuous in nature, in favor of Lenders One for an amount to be determined at trial, plus pre-judgment and post-judgment interest, attorneys' fees and costs owed pursuant to the Agreement;

B.     On the Second Cause of Action, Lenders One requests that the Court enter a declaratory judgment in favor of Lenders One against Plaza, declaring that Plaza is required to provide monthly mortgage purchase reports to Lenders One and to pay Lenders One the Production

Marketing Fees that Plaza have incurred to date will continue to incur for the duration of the Agreement; and

    C.  Granting Lenders One such other and further relief as the Court deems just and proper.

July 9, 2024

New York, New York

          Respectfully Submitted,

          COZEN O'CONNOR

          _____

          Melissa F. Brill, Esq. (MB 4374)

          John Ewell, Esq. (JE 2017)

          *Attorneys for Plaintiff*

          3 WTC, 175 Greenwich St.

          55th Floor

          New York, NY 10007

          mbrill@cozen.com

          jewell@cozen.com