UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEST PARTNERS MORTGAGE COOPERATIVE, INC. d/b/a LENDERS ONE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PLAZA HOME MORTGAGE, INC.<br><br>　　　　　　Defendant. | Civil Action No.: 1:24-cv-05184-VSB<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Plaza Home Mortgage, Inc. ("Plaza"), by and through its undersigned counsel, as and for its Answer and Affirmative Defenses to Plaintiff Best Partners Mortgage Cooperative, Inc. d/b/a Lenders One's ("Lenders One") Complaint, alleges as follows:

## NATURE OF ACTION

1.　　This is an action for breach of contract. Plaza breached numerous terms of the February 19, 2016 Preferred Investor Agreement ("Agreement"), as amended by the March 1, 2023 First Amendment to The Preferred Investor Agreement ("First Amendment"), by failing to provide reporting and pay fees owed to Lenders One pursuant to the Agreement.

**ANSWER: Plaza admits that the First Cause of Action in the Complaint is for Breach of Contract. The remaining allegations in paragraph 1 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza denies the remaining allegations in paragraph 1 of the Complaint.**

2.　　Due to Plaza's numerous breaches of the Agreement, Lenders One seeks damages that are continuing in nature, which currently exceed $415,611.09 and continue to increase with each successive breach every month. Lenders One further seeks interest, attorneys' fees, and litigation costs, as provided by the Agreement.

**ANSWER: Plaza admits that Lenders One has alleged that its damages are continuing in nature and that it seeks certain relief in its Complaint. The remaining allegations in paragraph 2 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza denies the remaining allegations in paragraph 2 of the Complaint, and denies that Lenders One is entitled to any of relief sought in the Complaint.**

3. Lenders One also seeks a declaration, pursuant to 28 U.S.C. § 2201, of Plaza's obligations under the Agreement to provide reporting and to pay all fees currently owed on loans purchased from Lenders One members and that Plaza will purchase from Lenders One members in the future.

**ANSWER: Plaza admits that the Second Cause of Action in the Complaint is for Declaratory Judgment. The remaining allegations in paragraph 3 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza denies the allegations in paragraph 3 of the Complaint, and denies that Lenders One is entitled to the declaration it seeks.**

## PARTIES

4. Lenders One is a corporation formed under the laws of Delaware with its principal place of business in Texas.

**ANSWER: Plaza denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and therefore denies them.**

5. Plaza is a corporation formed under the laws of California with its principal place of business in California.

**ANSWER: Plaza admits the allegations in paragraph 5 of the Complaint.**

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties to this action and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER: The allegations in paragraph 6 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza does not contest that the Court has subject matter jurisdiction over this action.**

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

**ANSWER: The allegations in paragraph 7 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza does not contest that venue in this Court is proper.**

8. Plaza has submitted to this Court's personal jurisdiction in a related matter recently filed in this Court, captioned *Plaza Home Mortgage, Inc., v. Association of Certified Mortgage Originators Risk Retention Group, Inc., CastleLine Risk & Insurance Services, LLC, and Altisource Portfolio Solutions, Inc.*, Civil Case No. 1:24-cv-02191-VSB.

**ANSWER: The allegations in paragraph 8 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza admits that it filed the referenced action in this Court.**

## FACTUAL ALLEGATIONS

9. Lenders One is a national alliance of mortgage originators that provides mortgage-related products and services on a cooperative basis to its mortgage-lender members.

**ANSWER: Plaza lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies them.**

10. Plaza is a mortgage lender that originates and purchases mortgage loans to sell to investors like Fannie Mae and Freddie Mac.

**ANSWER: Plaza admits the allegations in paragraph 10 of the Complaint.**

11. Lenders One and Plaza entered into the Agreement. **A true and accurate copy of the Agreement is attached as Exhibit 1**.

**ANSWER: Plaza admits that it entered into the Agreement with Lenders One. Plaza lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11, and therefore denies them.**

12. Pursuant to Section 3(a) of the Agreement, Plaza must pay monthly Production Marketing Fees[1] to Lenders One for each loan that Plaza purchases from Lenders One members ("Members"), as more fully described in the Agreement. *See* **Ex. 1.**

**ANSWER: The allegations in paragraph 12 of the Complaint attempt to characterize the Agreement, which is a written document that speaks for itself. Plaza denies the allegations of paragraph 12 to the extent that they are not consistent with the Agreement.**

13. Section 3(b) of the Agreement requires Plaza to timely pay Lenders One's invoices. *See* **Ex. 1, Sec. 3.**

**ANSWER: The allegations in paragraph 13 of the Complaint attempt to characterize the Agreement, which is a written document that speaks for itself. Plaza denies the allegations of paragraph 13 to the extent that they are not consistent with the Agreement.**

14. Section 4 of the Agreement further provides that Plaza shall: (1) bear interest at the lower of two percent per month or the maximum rate allowed by law for late payments; and (2) reimburse Lenders One for expenses incurred in pursuing its rights under the Agreement as a result

---

[1] A defined term in the Agreement. *See* **Ex. 1, Sec. 3**.

of Plaza's default of payment, including, but not limited to, attorneys' fees and costs for pursing legal remedies. **Ex. 1, Sec. 4.**

**ANSWER: The allegations in paragraph 14 of the Complaint attempt to characterize the Agreement, which is a written document that speaks for itself. Plaza denies the allegations of paragraph 14 to the extent that they are not consistent with the Agreement.**

15.     Section 11 of the Agreement requires Plaza to provide Lenders One a monthly mortgage purchase report of all loans purchased from Lenders One members in the previous month and obligates Plaza to provide each such report to Lenders One no later than the 15th day of the following month. *See* **Ex. 1, Sec. 11.**

**ANSWER: The allegations in paragraph 15 of the Complaint attempt to characterize the Agreement, which is a written document that speaks for itself. Plaza denies the allegations of paragraph 15 to the extent that they are not consistent with the Agreement.**

16.     Section 17 of the Agreement requires Plaza to indemnify Lenders One against all losses Lenders One sustains because of Plaza's breach of the Agreement, including Plaza's failure to pay the Production Marketing Fees. **Ex. 1, Sec. 17.**

**ANSWER: The allegations in paragraph 16 of the Complaint attempt to characterize the Agreement, which is a written document that speaks for itself. Plaza denies the allegations of paragraph 16 to the extent that they are not consistent with the Agreement.**

17.     Pursuant to Section 19 of the Agreement, Plaza agreed to pay the Production Marketing Fees for a period of one (1) year after the Agreement is terminated. **Ex. 1, Sec. 19.**

**ANSWER: The allegations in paragraph 17 of the Complaint attempt to characterize the Agreement, which is a written document that speaks for itself. Plaza denies the allegations of paragraph 17 to the extent that they are not consistent with the Agreement.**

18. The Agreement has a New York choice of law provision. **Ex. 1, Sec. 21.**

**ANSWER: The allegations in paragraph 18 of the Complaint attempt to characterize the Agreement, which is a written document that speaks for itself. Plaza denies the allegations of paragraph 18 to the extent that they are not consistent with the Agreement.**

19. Plaza, a sophisticated entity, expressly waived its right to a trial by jury for all disputes arising out of the Agreement. *Id.*

**ANSWER: The allegations in paragraph 19 of the Complaint attempt to characterize the Agreement, which is a written document that speaks for itself. Plaza denies the allegations of paragraph 19 to the extent that they are not consistent with the Agreement. The remaining allegations in paragraph 19 state conclusions of law to which no response is required. To the extent a response is required, Plaza denies the remaining allegations in paragraph 19 of the Complaint.**

20. Plaza further agreed to pay Lenders One's attorneys' fees and costs if Lenders One prevails in this action. **Ex. 1, Sec. 22.**

**ANSWER: The allegations in paragraph 20 of the Complaint attempt to characterize the Agreement, which is a written document that speaks for itself. Plaza denies the allegations of paragraph 20 to the extent that they are not consistent with the Agreement. Plaza further states that the referenced section of the Agreement provides for Lenders One to pay Plaza's attorneys' fees and costs if Plaza prevails in this action.**

21. Effective March 1, 2023, Lenders One and Plaza entered into the First Amendment. **A true and accurate copy of the First Amendment is attached as Exhibit 2**.

**ANSWER: Plaza admits that it entered into the First Amendment with Lenders One effective March 1, 2023. Plaza lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21, and therefore denies them.**

22. The First Amendment extends the contract term by three years and amends the amount of the Production Marketing Fees owed by Plaza. **Ex. 2, Sec. 1.3**.

**ANSWER: The allegations in paragraph 22 of the Complaint attempt to characterize the First Amendment, which is a written document that speaks for itself. Plaza denies the allegations of paragraph 22 to the extent that they are not consistent with the First Amendment.**

23. In Section 1.3(b) of the First Amendment, Plaza agreed to pay invoices submitted by Lenders One by the 15th day of the following month, and Section 1.3(c) requires Plaza to pay the Production Marketing Fees for a period of six months after the Agreement has been terminated. *See* **Ex. 2, Sec. 1.3(b)-(c)**.

**ANSWER: The allegations in paragraph 23 of the Complaint attempt to characterize the First Amendment, which is a written document that speaks for itself. Plaza denies the allegations of paragraph 23 to the extent that they are not consistent with the First Amendment.**

24. Lenders One fully performed its obligations under the Agreement, as amended by the First Amendment.

**ANSWER: The allegations in paragraph 24 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza denies the allegations in paragraph 24 of the Complaint.**

25. Plaza regularly paid the Production Marketing Fees in accordance with the Agreement until the date of its initial breach, October 31, 2023, when Plaza stopped making Production Marketing Fees payments to Lenders One.

**ANSWER: Plaza admits that it made certain payments pursuant to the Agreement. The remaining allegations in paragraph 25 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza denies the remaining allegations in paragraph 25.**

26. On or about September 30, 2023, an invoice was sent to Plaza for Production Marketing Fees incurred in August 2023.

**ANSWER: Plaza admits the allegations in paragraph 26 of the Complaint.**

27. On or about October 31, 2023, Plaza breached its obligations under the Agreement by refusing to pay the September 30, 2023 invoice and by not paying any further invoices for Production Marketing Fees that it received from Lenders One.

**ANSWER: The allegations in paragraph 27 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza denies the allegations in paragraph 27.**

28. Beginning on or about January 15, 2024, Plaza breached its obligations under Section 11 of the Agreement by no longer providing Lenders One monthly mortgage purchase reports identifying all of the loans that Plaza had purchased from Lenders One members in prior months.

**ANSWER: The allegations in paragraph 28 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza denies the allegations in paragraph 28.**

29. Without the monthly mortgage purchase reports, Lenders One cannot determine the amount of Production Marketing Fees that Plaza incurred in a prior month, making it virtually impossible for Lenders One to invoice Plaza for those fees.

**ANSWER: Plaza lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and therefore denies them.**

30. Plaza deliberately refused to provide monthly mortgage purchase reports to Plaza knowing that its bad faith conduct would interfere with Lenders One's ability to send invoices to Plaza.

**ANSWER: Plaza denies the allegations in paragraph 30 of the Complaint.**

31. Despite Plaza's breach, Lenders One is able to estimate the amount of Production Marketing Fees that Plaza has incurred each month based on its historical average purchase activity.

**ANSWER: Plaza lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Lenders One is able to estimate the amount of Production Marketing Fees that Plaza has incurred each month based on its historical average purchase activity, and therefore denies them. The remaining allegations in paragraph 31 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza denies the remaining allegations in paragraph 31.**

32. By letter dated February 7, 2024, Lenders One provided Plaza with written notice of default and demanded that Plaza cure its material breaches of the Agreement, as amended by the First Amendment. **A true and accurate copy of the February 7, 2024 letter is attached as Exhibit 3**.

**ANSWER: Plaza admits that it received a letter from Lenders One dated February 7, 2024. Certain allegations in paragraph 32 attempt to characterize the letter, which is a written document that speaks for itself. Plaza denies those allegations of paragraph 32 to the extent that they are not consistent with the letter. Plaza lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32, and therefore denies them.**

33. Plaza did not cure its breaches of the Agreement.

**ANSWER: The allegations in paragraph 33 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza denies the allegations in paragraph 33.**

34. As a result, Plaza's outstanding balance is now $415,611.09, exclusive of interest, attorneys' fees and costs, and that amount is continuing to increase each month.

**ANSWER: Plaza lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, and therefore denies them.**

35. Upon information and belief, Plaza continues to purchase loans from Lenders One Members each month.

**ANSWER: Plaza lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and therefore denies them.**

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

36. Lenders One repeats the allegations contained in paragraphs 1 through 35, as if fully set forth.

**ANSWER: Plaza repeats and incorporates by reference the answers to paragraphs 1 through 35, as if fully set forth herein.**

37. The Agreement constitutes a valid and enforceable contract between Lenders One and Plaza.

**ANSWER: The allegations in paragraph 37 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza admits the allegations in paragraph 37 of the Complaint.**

38. For valuable consideration, the parties entered into the Agreement for Lenders One's promotion of Plaza through Lenders One's sales team and marketing activities in return for payments by Plaza.

**ANSWER: Plaza admits that it entered into the Agreement. Plaza lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint, and therefore denies them.**

39. Until the date of Plaza's breach, Lenders One fully performed its obligations under the Agreement.

**ANSWER: The allegations in paragraph 39 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza denies the allegations in paragraph 39 of the Complaint.**

40. Plaza breached the Agreement by:

    a. Failing to pay the Production Marketing Fees (Ex. 2, Sec. 1.3);

    b. Failing to timely pay Lenders One's invoices (Ex. 2, Sec. 1.3(b));

    c. Failing to pay all interest accrued to date (Ex. 1, Sec. 4);

    d. Failing to timely submit monthly mortgage purchase reports of all loans purchased by Plaza (Ex. 2, Sec. 11);

11

  e. Failing to indemnify Lenders One for attorney fees and costs Lenders One incurred because of Plaza's breach of the Agreement (Ex. 1, Sec. 17); and

  f. Continuing to purchase loans from Lenders One Members without paying Production Marketing Fees owed to Lenders One (Ex. 2, Sec. 1.4).

**ANSWER: The allegations in paragraph 40 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza denies the allegations in paragraph 40.**

41. Plaza's breaches of the Agreement have caused damages that are continuing in nature, which currently exceed $415,611.09 and continues to increase with each successive breach every month due to its failure to pay the Production Marketing Fees. Lenders One seeks pre-judgment and post-judgment interest accruing from the date of the initial breach through the date that Plaza's obligations are satisfied in full.

**ANSWER: Plaza denies the allegations in paragraph 41 of the Complaint.**

42. Plaza's breaches of the Agreement have further damaged Lenders One by forcing Lenders One to incur attorneys' fees and costs pursuing legal remedies against Plaza, including the filing of this action and all costs incurred prosecuting this action.

**ANSWER: Plaza denies the allegations in paragraph 42 of the Complaint.**

**SECOND CAUSE OF ACTION**
**(Declaratory Judgment)**

43. Lenders One repeats the allegations contained in paragraphs 1 through 42, as if fully set forth.

**ANSWER: Plaza repeats and incorporates by reference the answers to paragraphs 1 through 42, as if fully set forth herein.**

44. Plaza disputes its legal obligation to provide monthly mortgage purchase reports and to pay the Production Marketing Fees pursuant to the Agreement.

**ANSWER: Plaza admits the allegations contained in paragraph 44.**

45. Pursuant to 28 U.S.C. § 2201, Lenders One is entitled to a declaration by this Court of Plaza's obligations under the Agreement.

**ANSWER: The allegations in paragraph 45 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza denies the allegations in paragraph 45.**

46. An actionable and justiciable controversy exists between Lenders One and Plaza concerning Plaza's obligations and money owed to Lenders One pursuant to Agreement, including:

    a. Plaza's obligation to provide monthly mortgage purchase reports to Lenders One; and

    b. Plaza's obligation to pay the Production Marketing Fees for loans that Plaza has purchased and will continue to purchase from Lenders One members for the duration of the Agreement, including in the future.

**ANSWER: The allegations in paragraph 46 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza denies the allegations in paragraph 46.**

47. Pursuant to 28 U.S.C. § 2201, this Court should enter a declaratory judgment in favor of Lenders One and against Plaza, declaring that Plaza is obligated to pay Lenders One the Production Marketing Fees that have accrued and will continue to accrue under the Agreement and to provide Lenders One the monthly mortgage purchase reports required by the Agreement, and

providing any other relief that this Court deems proper. Such declarations would resolve the current controversy between Lenders One and Plaza.

**ANSWER: The allegations in paragraph 47 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Plaza denies the allegations in paragraph 47.**

**WHEREFORE**, Lenders One respectfully requests judgment as follows:

    A.    On the First Cause of Action, awarding damages, which are continuous in nature, in favor of Lenders One for an amount to be determined at trial, plus pre-judgment and post-judgment interest, attorneys' fees and costs owed pursuant to the Agreement;

    B.    On the Second Cause of Action, Lenders One requests that the Court enter a declaratory judgment in favor of Lenders One against Plaza, declaring that Plaza is required to provide monthly mortgage purchase reports to Lenders One and to pay Lenders One the Production Marketing Fees that Plaza have incurred to date will continue to incur for the duration of the Agreement; and

    C.    Granting Lenders One such other and further relief as the Court deems just and proper.

**ANSWER: The request for judgment in the Complaint states conclusions of law to which no response is required. To the extent a response is required, Plaza denies that Lenders One is entitled to any of the relief it seeks.**

<u>**AFFIRMATIVE DEFENSES**</u>

**FIRST AFFIRMATIVE DEFENSE**

Lenders One's causes of action are barred, in whole or in part, to the extent that the Complaint fails to state a claim against Plaza upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Lenders One's causes of action are barred, in whole or in part, to the extent that the Complaint fails to present the Court with a justiciable case or controversy.

## THIRD AFFIRMATIVE DEFENSE

Lenders One's causes of action are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, collateral estoppel, res judicata and/or judicial estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Lenders One's claims are barred, in whole or in part, to the extent that Lenders One failed to act in a manner consistent with its obligations of good faith and fair dealing.

## FIFTH AFFIRMATIVE DEFENSE

Lenders One's claims are barred, in whole or in part, to the extent that Lenders One destroyed evidence, lost evidence, allowed evidence to be lost, suppressed evidence, or failed to preserve evidence.

## SIXTH AFFIRMATIVE DEFENSE

Lenders One's claims are barred in whole or in part because the relief sought would result in Lenders One's unjust enrichment.

## SEVENTH AFFIRMATIVE DEFENSE

Plaza is entitled to its attorneys' fees and costs for defending against Lenders One's claims in this action.

## EIGHTH AFFIRMATIVE DEFENSE

Lenders One's claimed entitled to indemnification is barred because Lenders One did not provide "reasonably prompt written notice of any Claims."

**NINTH AFFIRMATIVE DEFENSE**

Lenders One's claims are barred in whole or in part because, to the extent that Plaza has failed to perform any obligation under the Agreement or First Amendment, Plaza's performance of such obligation has been excused, including, but not limited to, by Lenders One, its affiliates, and/or its alter egos' breaches of the Agreement, First Amendment, or other contracts, including those at issue in *Plaza Home Mortgage, Inc., v. Association of Certified Mortgage Originators Risk Retention Group, Inc., CastleLine Risk & Insurance Services, LLC, and Altisource Portfolio Solutions, Inc.*, Civil Case No. 1:24-cv-02191-VSB.

**TENTH AFFIRMATIVE DEFENSE**

Plaza has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. Plaza reserves the right to amend or seek to amend its answer and/or affirmative defenses.

Dated: September 9, 2024

COHEN ZIFFER FRENCHMAN & MCKENNA LLP

*/s/ Alexander M. Sugzda*
Alexander M. Sugzda
1325 Avenue of the Americas
New York, New York 10019
Tel: (212) 584-1890
Fax: (212) 584-1891
asugzda@cohenziffer.com

*Attorneys for Defendant Plaza Home Mortgage, Inc.*