UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
BEST PARTNERS MORTGAGE COOPERATIVE, INC.
d/b/a LENDERS ONE,

                              Plaintiff,                   Case No.:  1:24-cv-5184 (VSB)

        -against-


PLAZA HOME MORTGAGE, INC.,

                              Defendant,


-------------------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS, MOTION TO STRIKE AFFIRMATIVE DEFENSES, AND MOTION TO STAY DISCOVERY

Melissa F. Brill, Esq. (MB 4374)
John Ewell, Esq. (JE 2017)
COZEN O'CONNOR
3 WTC, 175 Greenwich St, 55th Floor
New York, NY 10007
(212) 908-1257
mbrill@cozen.com
jewell@cozen.com
*Attorneys for Plaintiff*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ............................................................. 1

FACTUAL BACKGROUND ................................................................ 2

POINT I   LENDERS ONE IS ENTITLED TO JUDGMENT ON THE
PLEADINGS ON ITS BREACH OF CONTRACT CLAIM .......................... 4

    A.    Legal Standard for Judgment on the Pleadings .................................... 4

    B.    Plaza Has Admitted All Relevant Facts Underlying Lenders
One's Breach Of Contract Claim ........................................................... 5

        1.    Plaza Has Admitted the Agreement Is Valid and
Enforceable ............................................................................. 6

        2.    Lenders One Fully Performed Under The Agreement ............. 6

        3.    Plaza Breached the Agreement by Failing to Pay
Production Marketing Fees ...................................................... 6

        4.    Lenders One Suffered Damages as a Result of Plaza's
Breach ..................................................................................... 7

    C.    Plaza Has No Cognizable Defenses to Lenders One's Breach of
Contract Claim ..................................................................................... 8

    D.    Except Damages Discovery, Further Factual Development
Through Discovery is Unnecessary ...................................................... 8

    E.    Lenders One Is Entitled to Its Attorneys' Fees and Costs of
Enforcing the Agreement ..................................................................... 8

POINT II   PLAZA'S AFFIRMATIVE DEFENSES ARE LEGALLY
INSUFFICIENT AND SHOULD BE STRICKEN ......................................... 9

    A.    Legal Standard to Strike Affirmative Defenses .................................... 9

    B.    Plaza's Affirmative Defenses Are Insufficient and Should Be
Stricken ............................................................................................... 10

    C.    Inclusion of The Affirmative Defenses At Issue Will Prejudice
Lenders One ........................................................................................ 16

POINT III LENDERS ONE IS ENTITLED TO JUDGMENT ON THE
PLEADINGS ON ITS DJA CLAIM ........................................................ 17

i

POINT IV ALL DISCOVERY SHOULD BE STAYED EXCEPT DAMAGES DISCOVERY ................................................................ 17

    1.    Responding to Discovery while the Motion is Pending is Unduly Burdensome ............................................. 18

    2.    A Temporary Stay of Discovery Will Not Prejudice Plaza ......................................................... 19

    3.    Lenders One's Motion on its Breach of Contract Claims is Strong ...................................................... 19

    4.    Alternatively, Discovery Should be Limited to Written Discovery on Damages ............................................. 20

CONCLUSION ................................................................ 21

LEGAL\74176892\1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*,
404 F.3d 566 (2d Cir. 2005)..................................................................................11

*Anti-Monopoly, Inc. v. Hasbro, Inc.*,
1996 WL 101277 (S.D.N.Y. Mar. 7, 1996) ...........................................................17

*Apotex, Inc. v. Acorda Therapeutics*,
823 F.3d 51 (2d Cir. 2016).....................................................................................16

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009)........................................................................................9, 10

*Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*,
531 F.Supp.2d 620 (S.D.N.Y. 2008).....................................................................13

*In re Beacon Assoc. Litig.*,
2011 WL 3586129 (S.D.N.Y. Aug. 11, 2011)........................................................11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................9, 10

*Capital World Trading, LLC v. Next Up Funding, Inc.*,
2012 WL 601073 (S.D.N.Y. Feb. 23, 2012)............................................................5

*Casey v. Odwalla, Inc.*,
338 F. Supp. 3d 284 (S.D.N.Y. 2018)....................................................................16

*Chesney v. Valley Stream Union Free School Dist.*,
236 F.R.D. 113 (E.D.N.Y. 2006) ...........................................................................17

*Chiste v. Hotels.com L.P.*,
2011 WL 2150653 (S.D.N.Y. May 31, 2011) ........................................................14

*Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*,
2023 WL 5971144 (S.D.N.Y. Sept. 14, 2023)..........................................................9

*Citibank, N.A. v. Tormar Associates LLC*,
2015 WL 7288652 (S.D.N.Y. Nov. 17, 2015) ..........................................................7

*Coach, Inc. v. Kmart Corp.*,
756 F.Supp.2d 421 (S.D.N.Y. 2010)...................................................9, 10, 12, 16

iii

*Cohen v. Elephant Wireless, Inc.*,
    2004 WL 1872421 (S.D.N.Y. Aug. 19, 2004) .................................................10

*Daiwa Special Asset Corp. v. Desnick*,
    2002 WL 1997922 (S.D.N.Y. Aug. 29, 2002) ............................................11

*Diesel Props v. Greystone Bus. Credit*,
    631 F.3d 42 (2d Cir. 2011)..........................................................................14

*EEOC v. Kelley Drye & Warren, LLP*,
    2011 WL 3163443 (S.D.N.Y. July 25, 2011) ............................................10

*FDIC v. Ornstein*,
    73 F.Supp.2d 277 (E.D.N.Y. 1999) ...........................................................16

*In re First Cen. Fin. Corp.*,
    377 F.3d 209 (2d Cir. 2004).........................................................................14

*Gandler v. Nazarov*,
    1994 WL 702004 (S.D.N.Y. Dec. 14, 1994) .............................................18

*Helvering v. Schine Chain Theaters*,
    121 F.2d 948 (2d Cir. 1941).........................................................................12

*Hong Leong Fin. v. Pinnacle Performance*,
    297 F.R.D. 69 (S.D.N.Y. 2013) ..................................................................17

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*,
    879 N.Y.S.2d 355 (2009).............................................................................14

*Integrated Sys. & Power, Inc. v. Honeywell*,
    2009 WL 2777076 (S.D.N.Y. 2009).............................................................18

*Johnson v. NYU*,
    205 F.R.D. 433 (S.D.N.Y. 2002) ..........................................................18, 19

*Juster Assocs. v. City of Rutland*,
    901 F.2d 266 (2d Cir. 1990)..........................................................................4

*Kalisch-Jarcho, Inc. v. City of New York*,
    72 N.Y.2d 727 (1988) ..................................................................................11

*In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*,
    No. 14 CIV. 6228 (VSB), 2024 WL 1994205 (S.D.N.Y. May 6, 2024)
    (Broderick, J.) ..............................................................................................10

*Negrete v. Citibank, N.A.*,
    2015 WL 8207466 (S.D.N.Y. Dec. 7, 2015) .............................................19

LEGAL\74176892\1

*Neopharm Ltd. v. Wyeth-Ayerst Int'l LLC*,
    2016 WL 1076931 (S.D.N.Y. Mar. 18, 2016) ....................................................................4, 5

*Novick v. AXA Network*,
    714 F. App'x 22 (2d Cir. 2017) ....................................................................15

*Orlando v. Novurania of Am., Inc.*,
    162 F. Supp. 2d 220 (S.D.N.Y. 2001)....................................................................14

*OSRecovery, Inc. v. One Groupe Int'l, Inc.*,
    462 F.3d 87 (2d Cir. 2006)....................................................................12

*Rivera v. Heyman*,
    1997 WL 86394 (S.D.N.Y. Feb. 27, 1997)....................................................................19

*Roberts v. Babkiewicz*,
    582 F.3d 418 (2d Cir. 2009)....................................................................4

*Rudman v. Cowles Commc'ns, Inc.*,
    30 N.Y.2d 1 (1972) ....................................................................16

*Ruocchio v. Panera LLC*,
    2023 WL 2403627, at *4 (E.D.N.Y. Mar. 8, 2023) ....................................................................20

*Schecter v. Comptroller of the City of New York*,
    79 F.3d 265 (2d Cir. 1996)....................................................................9, 13, 14, 15

*Sellers v. M.C. Floor Crafters, Inc.*,
    842 F.2d 639 (2d Cir. 1988)....................................................................4

*Shaub & Williams, L.L.P. v. Augme Technologies, Inc.*,
    2014 WL 625390 (S.D.N.Y. Feb. 14, 2014)....................................................................9, 10

*Sira v. Morton*,
    380 F.3d 57 (2d Cir. 2004)....................................................................4

*Spencer Trask Software & Info. Servs. v. RPost Int'l*,
    206 F.R.D. 367 (S.D.N.Y. 2002) ....................................................................19

*Summit Health, Inc. v. APS Healthcare Bethesda, Inc.*,
    993 F.Supp.2d 379 (S.D.N.Y. 2014)....................................................................13

*Terwilliger v. Terwilliger*,
    206 F.3d 240 (2d Cir. 2000)....................................................................5

*Thom v. Ashcroft*,
    369 F.3d 158 (2d Cir. 2004)....................................................................13

v

*Voest-Alpine Int'l Corp. v. Chase Manhattan Bank, N.A.*,
    707 F.2d 680 (2d Cir. 1983)........................................................................12

*VoiceAge Corp. v. RealNetworks, Inc.*,
    926 F. Supp. 2d 524 (S.D.N.Y. 2013)..................................................4, 5, 7, 20

*Worldwide Home Products, Inc. v. Bed Bath & Beyond Inc.*,
    2013 WL 247839 (S.D.N.Y. Jan. 22, 2013) ............................................9

**Other Authorities**

Fed. R. Civ. P. 1 ........................................................................................1

Fed. R. Civ. P. 8 ........................................................................................9

Fed. R. Civ. P. 8(a) ....................................................................................13

Fed. R. Civ. P. 8(b) ....................................................................................10

Fed. R. Civ. P. 12(b)(6)..............................................................................10

Fed. R. Civ. P.12(c) ........................................................................... *passim*

Fed. R. Civ. P. 12(f) ....................................................................................9

Fed. R. Civ. P. 12(h)(2)(B) ..........................................................................9

Fed. R. Civ. P. 26(c) ....................................................................................1

Fed. R. Civ. P. 26(c)(1)..............................................................................17

Hon. Amy St. Eve, et al., *The Forgotten Pleading*, 2013 7 Fed. Cts. L. Rev. 152,
    166 (2013)..........................................................................................10

LEGAL\74176892\1

Plaintiff, Best Partners Mortgage Cooperative, Inc. d/b/a Lenders One ("Lenders One"), respectfully submits this Memorandum of Law in support of its motions, pursuant to Federal Rules of Civil Procedure ("FRCP") 12(c), 12(f), and 12(h)(2)(B), for judgment on the pleadings on Plaintiff's breach of contract and declaratory judgment action ("DJA") claims against Defendant Plaza Home Mortgage, Inc. ("Plaza") and to strike Plaza's affirmative defenses. Because Plaza's breach of contract can be decided on the pleadings, Lenders One further requests, pursuant to FRCP 26(c), all discovery be stayed except as to damages.

## PRELIMINARY STATEMENT

This is a straightforward breach of contract action for which Plaza has no legitimate defense. As such, Lenders One's claims should be resolved now on the pleadings rather than after time-consuming, burdensome, and expensive litigation. This would serve the "just, speedy, and inexpensive determination of every action and proceeding" promoted by FRCP 1.

Plaza has admitted all relevant facts underlying Lenders One's breach of contract claim. Plaza admits it entered a valid contract with Lenders One; that Lenders One provided what it promised (access to Lenders One members for the opportunity to transact business with those members); that Plaza received the benefits of the contract (it was able to purchase mortgage loans from Lenders One members); and that Plaza failed to pay Lenders One all the required fees (called Production Marketing Fees) that Lenders One has earned under the agreement. All elements of a breach of contract claims are met: (1) contract existence, (2) plaintiff's performance, (3) breach by defendant, and (4) damages to plaintiff. The only dispute is how much Plaza must pay Lenders One as a remedy.

Unable to deny its binding obligation to pay Lenders One under the agreement, Plaza lists nine affirmative defenses that are nothing more than a smoke screen designed to obfuscate these

admissions. All of the affirmative defenses are entirely conclusory and thus fail even the most lenient standard for pleading an affirmative defense in this Circuit. In addition, some of the affirmative defenses are not permitted in response to a breach of contract claim for damages. Accordingly, Lenders One respectfully requests that the Court strike Plaza's affirmative defenses and enter judgment in Lenders One's favor as to liability on its breach of contract claim.

Because Lenders One is entitled to judgment as a matter of law on its breach of contract claim, the DJA claim regarding Plaza's future obligations under the contract can also be decided. There is likewise no need for discovery in this matter except as to damages because the only issue that will be left for the Court to decide is calculating the amount of damages Lenders One should receive as a result of Plaza's breach of contract. As both parties waived their right to a jury, Your Honor will adjudicate the entirety of this matter.

## FACTUAL BACKGROUND

**The Parties' Background and The Agreement**

Lenders One is a national alliance of mortgage originators that provides mortgage-related products and services on a cooperative basis to its mortgage-lender members. *See* **Dkt #1 ("Compl."), ¶ 9.** *See also* **Compl., Ex. 1**. Plaza is in the business of purchasing loans from mortgage originators like the members of Lenders One. *See* **Compl., Ex. 1.** *See also* **Dkt. #12 ("Answer"), ¶ 10**. Effective February 19, 2016, Plaza entered into a Preferred Investor Agreement ("Agreement") with Lenders One that required Plaza to assume the following obligations in exchange for being granted access to Lenders One's members:

- Pay monthly Production Marketing Fees to Lenders One on each loan it purchases from Lenders One members. **Compl., Ex. 1, § 3(a)**.

- Provide Lenders One a monthly mortgage purchase report of all loans purchased from Lenders One members in the previous month. ***Id.* at § 11**.[1]

- Timely pay Lenders One's invoices. ***Id.* at § 3(b)**.

- Indemnify Lenders One against all losses Lenders One sustains because of Plaza's breach of the Agreement, including Plaza's failure to pay the Production Marketing Fees. ***Id.* at § 17**.

- Pay interest (2% per month) on late payments.[2] ***Id.* at § 4**.

- Reimburse Lenders One for expenses incurred in pursuing its rights under the Agreement as a result of Plaza's default of payment, including, but not limited to, attorneys' fees and costs for pursuing legal remedies. ***Id.***

The parties expressly waived their right to a trial by jury for all disputes arising out of the Agreement. ***Id.* at § 21**.

Effective March 1, 2023, the parties entered into a First Amendment to The Preferred Investor Agreement ("First Amendment"), which extended the term of the Agreement by three years and included the following additional terms:

- Amended the amount of the Production Marketing Fees;

- Requires Plaza to report the loans to Lenders One no later than the 15th day of the following month; and

- Requires Plaza, upon termination of the Agreement, to pay Production Marketing Fees on mortgages it purchases from Lenders One members for the six months following termination. **Compl., Ex. 2, at § 1.3(a)-(c)**.

---

[1] More specifically, the Agreement, as amended, requires Plaza to provide each such report to Lenders One no later than the 15th day of the following month. **Compl., Ex. 2, at § 1.3(b).**

[2] The Agreement provides interest accrues, per month, at the lower of 2% per month or the maximum rate allowed by law for late payments. Lenders One concedes that 2% is lower than New York's 16% interest rate limit.

**Plaza's Breach of the Agreement**

On September 30, 2023, Lenders One sent an invoice to Plaza for Production Marketing Fees incurred in August 2023. **Compl., ¶ 26**. Plaza breached its obligations under the Agreement[3] by refusing to pay the September 30, 2023 invoice and by not paying any further invoices for Production Marketing Fees that it received from Lenders One. ***Id.* at ¶ 27**. On or about January 15, 2024, Plaza breached its obligations under the Agreement by failing to provide the required reports to Lenders One identifying all loans Plaza purchased from Lenders One members in prior months. ***Id.* at ¶ 28, 30**. Plaza has failed to pay the Production Marketing Fees in breach of the Agreement from August 2023 to the present. ***Id.* at ¶ 30-35**.

## POINT I

## LENDERS ONE IS ENTITLED TO JUDGMENT ON THE PLEADINGS ON ITS BREACH OF CONTRACT CLAIM

### A.     Legal Standard for Judgment on the Pleadings

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). A Rule 12(c) motion will be granted if the movant establishes "that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Juster Assocs. v. City of Rutland*, 901 F.2d 266, 269 (2d Cir. 1990). On a Rule 12(c) motion, the Court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004).

---

[3] Plaza's breaches occurred after execution of the First Amendment. For brevity, all references to the Agreement in this Memorandum refer to the Agreement as amended by the First Amendment.

Judgment on the pleadings is especially appropriate in breach of contract actions, like this one, as the interpretation of the parties' rights and obligations is a question of law for the court. *VoiceAge Corp. v. RealNetworks, Inc.*, 926 F. Supp. 2d 524, 529-30 (S.D.N.Y. 2013). *See also Neopharm Ltd. v. Wyeth-Ayerst Int'l LLC*, 2016 WL 1076931, at *2 (S.D.N.Y. Mar. 18, 2016) ("Judgment on the pleadings is particularly appropriate in a dispute regarding a breach of contract where the primary issue is determining the parties' legal rights and obligations.").

Courts have repeatedly granted motions for judgment on the pleadings on breach of contract claims, such as this one, where the terms of the contract are clear and unambiguous. *See, e.g., Neopharm*, 2016 WL 1076931, at *2 (granting judgment on the pleadings where defendant's termination of contract was contrary to contract's terms); *VoiceAge*, 926 F.Supp.2d at 529, 532 (granting motion where contract required defendant to make payment of royalties to plaintiff); *Capital World Trading, LLC v. Next Up Funding, Inc.*, 2012 WL 601073, at *2-3 (S.D.N.Y. Feb. 23, 2012) (granting judgment on the pleadings where defendant failed to make a payment required under terms of contract).

Here, the language of the Agreement is clear and unambiguous and the material facts are not in dispute. Therefore, judgment on the pleadings should be granted.

**B.      Plaza Has Admitted All Relevant Facts Underlying Lenders One's Breach Of Contract Claim**

A plaintiff seeking to recover for breach of contract under New York law must prove (1) the existence of a contract, (2) plaintiff's performance, (3) breach by defendant, and (4) damages. *Terwilliger v. Terwilliger*, 206 F.3d 240, 245-46 (2d Cir. 2000). Taken as a whole, the pleadings (including Plaza's concessions within) plainly establish Lenders One's right to judgment on its breach of contract claim.

### 1. Plaza Has Admitted the Agreement Is Valid and Enforceable

There is no dispute that the parties entered into and are bound by the Agreement. Plaza admits as much in its Answer. **Answer ¶ 11, 21, 38**. In fact, Plaza did not deny any of Lenders One's statements concerning the Agreement, except to state each contract "speaks for itself," and that it only denies Lenders One's allegations "to the extent they are not consistent with" the Agreement. **Answer ¶ 12-20, 22-23**. Notably, in its Answer, Plaza does not dispute Lenders One's interpretation of the terms of the Agreement, nor does Plaza point to any provisions of the Agreement that excuse Plaza from its performance.

This is not surprising because the language of the Agreement is unambiguous. There is therefore no dispute that the parties entered into the Agreement, that it is valid, and that it unambiguously requires Plaza to pay Production Marketing Fees on the loans it purchases from Lenders One members.

### 2. Lenders One Fully Performed Under The Agreement

The Complaint asserts that Lenders One fully performed its obligations under the Agreement. **Compl. ¶ 24**. Nothing in the Answer raises any factual dispute regarding this allegation. Nor could it as Plaza entered into the Agreement to gain access to Lenders One's members, and there is no question that Plaza was able to purchase loans from those members. *See* **Compl., Ex. 1**. At no point in the Answer does Plaza contend that it was denied access to or that it was unable to transact business with Lenders One members. Accordingly, there is no dispute that Lenders One has fully performed its obligations under the Agreement.

### 3. Plaza Breached the Agreement by Failing to Pay Production Marketing Fees

There is also no dispute that, from August 2023 to the present, Plaza failed to pay the Production Marketing Fees in breach of the Agreement. The Complaint alleges that Plaza failed to

pay the Production Marketing Fees and did not self-report further loan purchases from Lenders One members. **Compl. ¶ 36-42**. When responding to the allegation that Plaza "stopped making Production Marketing Fees payments to Lenders One" (**Compl. ¶ 25**), Plaza is only willing to state "that it made *certain* payments pursuant to the Agreement" (**Answer ¶ 25 [emphasis added]**). By hedging its response in this manner, Plaza still admits that it did not make all payments owed pursuant to the Agreement. Plaza admits, for example, that it received the August 2023 invoice (**Compl. ¶ 25-27; Answer ¶ 25-27**); however, Plaza does not state it paid that invoice or any subsequent invoice and does not deny that it failed to pay any fees from that date forward. *See id.* Likewise, Plaza did not raise payment as an affirmative defense – further acknowledging that it has not paid all fees owed to Lenders One. *See* **Answer, p. 15-16**. As such, Plaza does not dispute that it failed to pay the Production Marketing Fees owed from August 2023 to the present, which constitutes a breach of the Agreement. *See* **Answer ¶ 25-27; Answer, p. 15-16**. Based on Plaza's own admissions, there is no factual dispute that Plaza breached the Agreement by failing to pay the Production Marketing Fees from August 2023 to the present, in addition to not self-reporting further loan purchases from Lenders One members.

### 4. Lenders One Suffered Damages as a Result of Plaza's Breach

By withholding payments due under the Agreement, Plaza is denying Lenders One the money it is owed for past, present, and future Lenders One transactions. Lenders One has accordingly suffered monetary damages. Those simple, indisputable facts make clear that Lenders One has suffered damages sufficient to establish liability for breach of contract. *See, e.g.*, *Citibank, N.A. v. Tormar Associates LLC*, 2015 WL 7288652, at *8 (S.D.N.Y. Nov. 17, 2015) (granting judgment on the pleadings as to liability on breach of contract claim and directing parties to confer on issue of damages); *VoiceAge*, 926 F.Supp.2d at 526 (granting judgment on the pleadings for

breach of contract where "liability is clear" but permitting "development of the factual record" on narrow issue of damages).[4]

### C. Plaza Has No Cognizable Defenses to Lenders One's Breach of Contract Claim

None of Plaza's affirmative defenses are sufficient to preclude judgment as to liability on Lenders One's breach of contract claim. All of Plaza's affirmative defenses are legally insufficient for the reasons addressed at Point II, *infra*, which Lenders One incorporates by reference as if fully set forth here.

### D. Except Damages Discovery, Further Factual Development Through Discovery is Unnecessary

As this matter can be decided on the pleadings, Lenders One concurrently moves to stay all discovery, except as to discovery. This is addressed at Point III, *infra*.

### E. Lenders One Is Entitled to Its Attorneys' Fees and Costs of Enforcing the Agreement

Based upon the express terms of the Agreement, Lenders One requests that the Court make a determination on Lenders One's entitlement to its attorneys' fees and costs of pursuing this action. The Agreement provides:

> **17. INDEMNIFICATION.**
> 17.1 [Plaza] shall indemnify and hold harmless Lenders One, its Affiliates and their respective current and former directors, managers, officers, employees, agents, successors, and assigns (any such person seeking indemnification, singular or collectively, the "Lenders One Parties") from and against any and all loss, liability, cost and expense, court costs and reasonable attorneys' fees, claims, demands, suits or proceedings (collectively "Claims", and in the singular "Claim"), that any of the Lenders One Parties suffer or incur arising from or related to: (i) [Plaza's] breach of this Agreement; …

**Compl., Ex. 1., § 17.** *See also* **Compl., ¶ 40, 42, 47**.

---

[4] If Lenders One prevails on its Motion for Judgment on the Pleadings, the only remaining issue is calculation of Lenders One's damages.

Plaza does not dispute this provision and admits that the prevailing party is entitled to its attorneys' fees and costs. ***See* Compl. ¶ 20; Answer ¶ 20**. Accordingly, Lenders One requests a determination of its entitlement to an award of attorneys' fees and costs that it has incurred and will continue to incur in pursuing this action.

<u>**POINT II**</u>

<u>**PLAZA'S AFFIRMATIVE DEFENSES ARE LEGALLY INSUFFICIENT AND SHOULD BE STRICKEN**</u>

Lenders One further moves to strike Plaza's affirmative defenses on the basis that they are legally insufficient.

### A.  Legal Standard to Strike Affirmative Defenses

FRCP 12(f) permits a court to "strike from a pleading any insufficient defense…" Fed. R. Civ. P. 12(f). "Failure to state a legal defense to a claim may be raised … by a motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2)(B). To strike an affirmative defense as insufficient, a court must find that there are no substantial questions of law or fact that might allow the defense to succeed. *Coach, Inc. v. Kmart Corp.*, 756 F.Supp.2d 421, 425 (S.D.N.Y. 2010); *see also Worldwide Home Products, Inc. v. Bed Bath & Beyond Inc.*, 2013 WL 247839, at *1 (S.D.N.Y. Jan. 22, 2013).

While courts should construe pleadings liberally, "affirmative defenses that are merely 'conclusory allegations absent any supporting factual allegation[s], are insufficient as a matter of law and fail to provide a plaintiff with notice as to how the defense applies to plaintiff's claims.'" *Shaub & Williams, L.L.P. v. Augme Technologies, Inc.*, 2014 WL 625390, at *7 (S.D.N.Y. Feb. 14, 2014) (quoting *Coach*, 756 F.Supp.2d at 425). Indeed, conclusory assertions without any factual support do not satisfy Rule 8 pleading standards under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), which impose a plausibility standard requiring a pleader to support a claim with factual allegations that render it plausible.

The Second Circuit Court of Appeals has held that "[a]ffirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." *Schecter v. Comptroller of the City of New York*, 79 F.3d 265, 270 (2d Cir. 1996). *See also Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, 2023 WL 5971144, at *15 (S.D.N.Y. Sept. 14, 2023). Courts within this district, including Your Honor, have concluded that the plausibility standard imposed by *Twombly* and *Iqbal* apply to affirmative defenses, and the majority of district courts around the country have extended *Twombly's* and *Iqbal's* plausibility standard to affirmative defenses.[5]

A conclusory list of affirmative defenses that lack any factual support are insufficient to plead an affirmative defense under any construction of Rule 8(b) and should be stricken. Further, an affirmative defense is not in any way plausible when the defendant's admissions and concessions are contrary to such a defense being asserted.

### B.      Plaza's Affirmative Defenses Are Insufficient and Should Be Stricken

Plaza's affirmative defenses are conclusory assertions, most of which are limited to one sentence, and all of which are devoid of any supporting facts. This is not a situation where discovery or time is needed to develop the supporting facts because Plaza has already conceded or admitted the material facts that support Lender One's contract claim. Therefore, the affirmative defenses are insufficient as a matter of law and should be stricken. *See Shaub*, 2014 WL 625390, at *7; *Coach*, 756 F.Supp.2d at 425. We address each in turn, in the order pleaded:

---

[5] *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, No. 14 CIV. 6228 (VSB), 2024 WL 1994205, at *16 (S.D.N.Y. May 6, 2024) (Broderick, J.) ("… most lower courts that have considered the question of the standard applicable to pleading of defenses have held that the Rule 12(b)(6) standard, as elucidated in *Twombly* and *Iqbal*, governs the sufficiency of the pleading of affirmative defenses."). *See also EEOC v. Kelley Drye & Warren, LLP*, 2011 WL 3163443, at *2 (S.D.N.Y. July 25, 2011) (collecting cases); Hon. Amy St. Eve, et al., *The Forgotten Pleading*, 2013 7 Fed. Cts. L. Rev. 152, 166 (2013) ("The emerging majority view appears to be that the *Twombly/Iqbal* standard does indeed apply to affirmative defenses.").

### Defense Alleging Failure to State a Claim

This defense is insufficient to defeat Lenders One's breach of contract claim because the Complaint not only alleges all elements of a breach of contract claim, but Plaza also admits key facts for each element, as set forth above at Point I. *See Cohen v. Elephant Wireless, Inc.*, 2004 WL 1872421, at *3 (S.D.N.Y. Aug. 19, 2004) ("Having alleged all of the elements of breach of contract, defendant's . . . affirmative defense that plaintiffs fail to state a claim is stricken . . . because it is clearly insufficient as a matter of law.").

### Defense Alleging Failure to State a Justiciable Controversy

Plaza's admissions establish that Lenders One has stated a justiciable controversy. Plaza admits the Agreement is valid, that Plaza obtained benefits under the Agreement, that Plaza only paid "certain" amounts but not the full amounts Lenders One claims are due. **Compl., ¶ 25**; **Answer ¶ 25**. This controversy over the payments due (i.e., the damages) also applies to Lenders One's DJA claim for a declaration of Plaza's future obligations under the Agreement. **Compl., ¶ 43-47**. A declaratory judgment is a proper method "for settling justiciable disputes as to contract rights and obligations." *Kalisch-Jarcho, Inc. v. City of New York*, 72 N.Y.2d 727, 731-32 (1988). Because Lenders One's pleaded a justiciable controversy, this affirmative defense should be stricken.

### Defense Alleging Unclean Hands

"Unclean hands is an equitable defense to equitable claims." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 607 (2d Cir. 2005). Because Lenders One seeks money damages for breach of an acknowledged contract, Plaza may not avail itself of an unclean hands defense as a matter of law. *Id.*

Further, the "mere recitation of legal buzzwords" is insufficient to state a valid defense of unclean hands. *In re Beacon Assoc. Litig.*, 2011 WL 3586129, at *1 (S.D.N.Y. Aug. 11, 2011). Plaza's unclean hands defense should be stricken, as it alleges no supporting factual matter and provides no indication of how an unclean hands defense would bar any of Lenders One's claims. *See Daiwa Special Asset Corp. v. Desnick*, 2002 WL 1997922, at *12 (S.D.N.Y. Aug. 29, 2002) (striking unclean hands defense because "mere pleading of the defense . . . without more is insufficient").

### Defense Alleging Waiver, Estoppel, and Laches

Since Plaza's Answer does not allege any facts sufficient to support its defenses of waiver, estoppel, and laches, those defenses should be stricken. *See Coach*, 756 F.Supp.2d at 426, 428 (striking defenses of waiver, estoppel, and laches because the pleadings were "void of any facts" supporting those defenses).

Waiver is the intentional relinquishment of a known right, and "one must show that the party charged with waiver relinquished a right with both knowledge of the existence of the right and an intention to relinquish it." *Voest-Alpine Int'l Corp. v. Chase Manhattan Bank, N.A.*, 707 F.2d 680, 685 (2d Cir. 1983). Plaza's Answer states that Lenders One waived its claims. **Answer at p. 15**. However, no fact pled in the Answer indicates how Lenders One intentionally relinquished any right. Moreover, *the terms of the Agreement expressly preclude Plaza's waiver defense*.[6] Plaza's waiver defense should therefore be stricken.

To plead an affirmative defense of estoppel, it is essential "that the party who invokes it shall have acted to his detriment in reliance upon what the other party has done." *Helvering v.*

---

[6] Section 24 of the Agreement provides that "[n]either Party shall be deemed to have waived any right, power or privilege under this Agreement unless such waiver shall have been expressed in writing signed by the waiving Party..." **Compl., Ex. 1 at § 24**. Again, no such writing has been alleged.

*Schine Chain Theaters*, 121 F.2d 948, 950 (2d Cir. 1941). Here, Plaza does not allege any facts indicating that it relied on any representations or conduct by Lenders One to its detriment. *See, e.g.*, *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 462 F.3d 87, 94 (2d Cir. 2006). Plaza indeed admits it *benefitted* from Lenders One's conduct – Plaza admits it was able to access the Members and purchase mortgages. Plaza owes money for that benefit and cannot rely on a conclusory and unsupported defense to avoid its contractual obligations to Lenders One.

A laches affirmative defense requires a defendant to allege that it has been prejudiced by plaintiff's unreasonable delay in bringing the action. *See Thom v. Ashcroft*, 369 F.3d 158, 166 (2d Cir. 2004). Plaza's Answer does not allege any fact suggesting that Lenders One delayed bringing litigation or that Plaza was prejudiced. To the contrary, Lenders One commenced this action only a few months after sending a notice of default to Plaza. ***See* Compl., Ex. 3**. Plaza has no basis for alleging laches so that defense should be stricken.

### Defense Alleging Unspecified Breach of the Duty of Good Faith and Fair Dealing

Plaza's Answer does not allege any specific bad faith conduct by Lenders One. **Answer at p. 15**. Again, Plaza admits the Agreement is valid and that Lenders One provided the benefit promised – Plaza admits it was able to access the Members and purchase mortgages. Without any contrary factual allegations, Plaza has no basis for its breach of the duty of good faith and fair dealing defense, and that defense should be stricken. *See Summit Health, Inc. v. APS Healthcare Bethesda, Inc.*, 993 F.Supp.2d 379, 398 (S.D.N.Y. 2014).

### Defense Alleging Spoliation

Plaza's Answer does not allege any facts sufficient to support its spoliation of evidence defense, and therefore, it should be stricken. *See Schecter*, 79 F.3d at 270 (affirmative defenses "which amount to nothing more than mere conclusions of law and are not warranted by any

asserted facts have no efficacy."). *See Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F.Supp.2d 620, 623 (S.D.N.Y. 2008) (striking various affirmative defenses for failing to meet FRCP 8(a)'s requirements). Without factual support, this defense fails to vault the FRCP's minimal pleading requirements and should be struck. *See id.* It is also impossible to see how any spoliation of evidence allegation could arise from the facts that are presented and conceded in the pleadings regarding the validity of Agreement and Lenders One's performance.

### Defense Alleging Unjust Enrichment

The existence of a written contract precludes an unjust enrichment defense. Unjust enrichment is a legal theory that applies "in the absence of any agreement." *Diesel Props v. Greystone Bus. Credit*, 631 F.3d 42, 54 (2d Cir. 2011). Where a contract exists, a party may not bring a claim for unjust enrichment. *See, e.g.*, *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 879 N.Y.S.2d 355, 361 (2009); *In re First Cen. Fin. Corp.*, 377 F.3d 209, 213 (2d Cir. 2004); *Chiste v. Hotels.com L.P.*, 2011 WL 2150653, at *2 (S.D.N.Y. May 31, 2011) ("Because a valid contract governs [the parties'] dispute, [plaintiff] cannot maintain a claim for unjust enrichment"). Having admitted the existence and validity of the Agreement, Plaza may not avail itself of an unjust enrichment defense as a matter of law, and therefore, it should be stricken. *Id.*

### Defense Alleging Entitlement to Attorneys' Fees

Plaza's affirmative defense and request for attorneys' fees and costs is irrelevant to the issue of whether Lenders One is deserving of judgment on the pleadings. Further, it should be stricken because it does not meet the fair notice pleading standard and is not "warranted by any asserted facts." *See Shechter*, 79 F.3d at 270. Plaza fails to provide any factual basis for an award of attorneys' fees and costs. *See id.*; *Orlando v. Novurania of Am., Inc.*, 162 F. Supp. 2d 220, 226 (S.D.N.Y. 2001) (striking attorneys' fees claim where no basis for recovery alleged).

**Defense Alleging Failure to Provide Notice of Plaza's Breach**

Plaza's affirmative defense that "indemnification is barred because Lenders One did not provide 'reasonably prompt written notice of any Claims[]'" is insufficiently pleaded and without any factual or legal support. *See Shechter*, 79 F.3d at 270. Indeed, the documents attached to the Complaint establish that Lenders One provided Plaza prompt written notice of its default (**Compl., Ex. 3**), *which Plaza admits it received.* **Answer ¶ 32**.

**Defense Alleging Breach of a Separate Contract**

Plaza's Ninth Affirmative Defense alleges:

> Plaza's performance of such obligation has been excused, including, but not limited to, by Lenders One, its affiliates, and/or its alter egos' breaches of the Agreement, First Amendment, or other contracts, including those at issue in *Plaza Home Mortgage, Inc., v. Association of Certified Mortgage Originators Risk Retention Group, Inc., CastleLine Risk & Insurance Services, LLC, and Altisource Portfolio Solutions, Inc.*, Civil Case No. 1:24-cv-02191-VSB ["ACMO Coverage Litigation"].

**Answer, p. 16**.

This defense, too, is insufficiently pleaded. *See Shechter*, 79 F.3d at 270. Nowhere in its Answer has Plaza identified any provision of the Agreement that Lenders One has breached or any facts to support a breach. And Plaza cannot do so because it has already conceded: (a) that Lenders One provided exactly what it promised under that contract – access to the Members; and (b) that Plaza has obtained the benefits of this access.

Plaza's reaching for separate, unrelated, and unidentified "contracts" exposes that Plaza has no legal defense for its breaches of the Agreement at issue in this case. Moreover, unless the Agreement is ambiguous, a court does not look to extrinsic evidence in other writings. *Novick v. AXA Network*, 714 F. App'x 22, 25–26 (2d Cir. 2017).

Setting aside that this defense is insufficiently pleaded, Plaza appears to claim its performance under the Agreement was excused by alleged breaches of insurance policies at issue in the ACMO Coverage Litigation. But a breach of a separate contract – one which Lenders One is not even party to – would not excuse Plaza's obligations under the Agreement. The Agreement is unrelated to and separate from the insurance policies at issue in the ACMO Coverage Litigation.[7] The contracts have entirely different subject matter—membership in an industry alliance versus insurance coverage. ***Compare* Compl., Ex. 1 & 2 *with* Civil Case No. 1:24-cv-02191-VSB, Dkt #22-4 through 22-7**. The form of the contracts are different, involved different parties, and were executed on different dates. *See id.; see also Rudman v. Cowles Commc'ns, Inc.*, 30 N.Y.2d 1, 13 (1972) (separateness "all but inescapable" where agreements involve formally different parties and executed on different dates). Whether the contracts are one agreement or separable can be decided based on this Court's review[8] as a matter of law.

An alleged breach of an unrelated contract by an entity other than Lenders One would not justify Plaza's breach of the Agreement at issue in this case, as a matter of law.

### C.    Inclusion of The Affirmative Defenses At Issue Will Prejudice Lenders One

Increased time and expense of discovery and trial warrant striking Plaza's affirmative defenses to eliminate the delay and unnecessary expense from litigating an invalid claim when it is insufficient as a matter of law. *See, e.g.*, *Coach*, 756 F. Supp. 2d at 426; *FDIC v. Ornstein*, 73 F.Supp.2d 277, 279-80 (E.D.N.Y. 1999). Indeed, "increased discovery costs in having to explore

---

[7] Plaza is litigating the ACMO Coverage Litigation before Your Honor, Civil Case No. 1:24-cv-02191-VSB.

[8] This Court can "take judicial notice of public documents or matters of public record." *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 294 (S.D.N.Y. 2018). This includes public documents filed in matters over which Your Honor presides. Consideration of matters subject to judicial notice does not require conversion of motion to one for summary judgment. *See Apotex, Inc. v. Acorda Therapeutics*, 823 F.3d 51, 60 (2d Cir. 2016).

the factual basis" of an affirmative defense constitutes prejudice that warrants striking an affirmative defense. *Coach*, 756 F.Supp.2d at 428.

Lenders One will be severely prejudiced if the affirmative defenses in question remain in Plaza's pleading. Costs of discovery and trial will be dramatically increased if Lenders One is forced to pursue interrogatories, depositions, and document discovery of affirmative defenses that are clearly insufficient as a matter of law. For these reasons, Lenders One respectfully respects this Court strike Plaza's affirmative defenses.

**POINT III**

**LENDERS ONE IS ENTITLED TO JUDGMENT ON THE PLEADINGS
ON ITS DJA CLAIM**

The First Amendment unambiguously requires Plaza to pay Production Marketing Fees until six months after the Agreement has been terminated. **Compl., Ex. 2, § 1.3(c)**. Because neither party has terminated the Agreement, Plaza's contractual obligations obviously extend into the future. *See id.* As such, a declaration on Plaza's future contractual obligations to provide reporting and pay fees is necessary. As this Court can decide Plaza's contractual liability on the pleadings, it can likewise declare Plaza's contractual obligation to provide reporting and pay fees until six months after termination. Lenders One respectfully requests, pursuant to FRCP 12(c), a declaration that Plaza must provide reporting and pay the Production Marketing Fees on all loans purchased from Lenders One members until the six months following termination.

**POINT IV**

**ALL DISCOVERY SHOULD BE STAYED EXCEPT DAMAGES DISCOVERY**

This Court, upon a showing of good cause, has discretion to stay discovery. Fed. R. Civ. P. 26(c)(1). This Court has "considerable discretion" to impose a discovery stay until after the determination of a potentially dispositive motion. *Hong Leong Fin. v. Pinnacle Performance*, 297

F.R.D. 69, 72 (S.D.N.Y. 2013). Where a party seeks a stay of discovery pending a dispositive motion, Courts in this Circuit consider three factors to determine whether a stay is appropriate: (1) the breadth of the discovery sought and the burden of responding to it; (2) the risk of unfair prejudice to the party opposing the stay; and (3) the strength and merits of the dispositive motion that forms the basis for the request for a stay. *See Chesney v. Valley Stream Union Free School Dist.*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277, at *3-4 (S.D.N.Y. Mar. 7, 1996).

All three factors weigh heavily in favor of a stay of discovery in this case. Liability can and should be decided on the pleadings without the need for discovery.

### 1. Responding to Discovery while the Motion is Pending is Unduly Burdensome

Conducting discovery while the Rule 12(c) Motions are being briefed and decided by the Court indisputably would be burdensome to the parties and potentially to the Court. *See Integrated Sys. & Power, Inc. v. Honeywell*, 2009 WL 2777076, at *1 (S.D.N.Y. 2009) (granting party's motion to stay discovery pending the disposition of dispositive motions because doing so "could avoid the need for costly and time-consuming discovery"); *Johnson v. NYU*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (same); *Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (same). The burden of discovery would be exacerbated if it had to be undertaken before a ruling on the Rule 12(c) Motions, as there is a strong likelihood that the majority of any pre-ruling discovery will turn out to have been unnecessary. It is an invitation for inefficiency, and Plaza cannot articulate how waiting a few months and having clarity on the scope of any required discovery will prejudice it.

## 2. A Temporary Stay of Discovery Will Not Prejudice Plaza

A stay of discovery during the pendency of the Rule 12(c) Motions will not unfairly prejudice Plaza. Plaza cannot contend that there is an urgency to conduct discovery in defense of Lenders One's breach of contract claims. To the contrary, Plaza requires no discovery in connection with Lenders One's Motion for Judgment on the Pleadings. By the very nature of the Motion, no additional facts other than those pleaded by the parties are necessary for the Court to decide Lenders One's Motion.

## 3. Lenders One's Motion on its Breach of Contract Claims is Strong

The substantive merits of Lenders One's 12(c) Motions weigh in favor of a stay. As demonstrated above, the Agreement requires Plaza to pay Production Marketing Fees to Lenders One. Plaza unequivocally and admittedly breached that obligation.

A stay of discovery pending resolution of a potentially dispositive motion is appropriate when, as here, "the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *NYU*, 205 F.R.D. at 434. To find that this factor favors a stay, the Court need not address the merits of Lenders One's motion," but need only conclude, "after an initial review … [that] it 'is potentially dispositive, and appears to be not unfounded in the law.'" *Negrete v. Citibank, N.A.*, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015); *see also Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 367 (S.D.N.Y. 2002) (the Court need not "predict the outcome of the motion to dismiss" and, instead, is empowered to grant the motion to stay before the dispositive motion was fully briefed because the movant advanced "substantial arguments").

There is no doubt that Lenders One's Rule 12(c) Motions, founded on breach of contract claims, have "substantial grounds" that are potentially dipositive of the case. Under these

circumstances, subjecting the parties to the costs and expenses that would result from discovery, as well as the potential waste of Court resources, is not warranted. *See Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting stay pending decision of motion "may significantly narrow, if not eliminate, the issues remaining in the case" in part because "proceeding with discovery while the motion is pending would waste the parties' resources"). Accordingly, all three relevant factors overwhelmingly favor a stay of all discovery.

4.      **Alternatively, Discovery Should be Limited to Written Discovery on Damages**

If Lenders One prevails on its Rule 12(c) Motions, the Court may order an inquest on the amount of damages Plaza owes Lenders One. As such, if the Court is inclined to permit damages discovery during the pendency of the Rule 12(c) Motions, Lenders One requests that any such discovery be limited to written discovery on Lenders One's damages. *See, e.g.*, *VoiceAge*, 926 F.Supp.2d at 526 (granting judgment on the pleadings for breach of contract but permitting "development of the factual record" on narrow issue of damages); *Ruocchio v. Panera LLC*, 2023 WL 2403627, at *4 (E.D.N.Y. Mar. 8, 2023) (staying all discovery pending the outcome of Rule 12(c) Motion but allowing paper discovery on movant's damages). This avoids potential duplication, inefficiency, and burden to Lenders One of, among other things, being required to respond to written discovery and to produce witnesses for multiple depositions.

## **CONCLUSION**

For the foregoing reasons, Lenders One respectfully requests that the Court issue an Order:

(1) granting Lenders One's Motion for Judgment on the Pleadings;

(2) granting Lenders One's Motion to Strike Defendant's Affirmative Defenses;

(3) granting Lenders One's Motion to Stay Discovery pending a decision on its Rule 12(c) Motions for Judgment on the Pleadings. Alternatively, Lenders One respectfully requests that discovery be limited to narrow, written discovery on damages pending a decision on its two Rule 12(c) Motions; and

(4) For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 18, 2024

Respectfully submitted,

COZEN O'CONNOR

By: _s/ Melissa F. Brill_____
Melissa F. Brill, Esq.
John Ewell, Esq.
*Attorneys for Plaintiff*
3 WTC, 175 Greenwich St, 55th Floor
New York, NY 10007
(212) 908-1257
mbrill@cozen.com
jewell@cozen.com