**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| BEST PARTNERS MORTGAGE COOPERATIVE, INC. d/b/a LENDERS ONE,<br><br>        Plaintiff,<br><br>   v.<br><br>PLAZA HOME MORTGAGE, INC.,<br><br>        Defendant. | Civil Action No.: 1:24-cv-05184-VSB |

**PLAZA HOME MORTGAGE, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS, MOTION TO STRIKE AFFIRMATIVE DEFENSES, AND MOTION TO STAY DISCOVERY**

**COHEN ZIFFER FRENCHMAN & MCKENNA LLP**

Alexander M. Sugzda
Erica Sweeting
Jay C. Hauser
1325 Avenue of the Americas, 31st Fl.
New York, NY 10019
Telephone: (212) 584-1890
Fax: (212) 584-1891
asugzda@cohenziffer.com
esweeting@cohenziffer.com
jhauser@cohenziffer.com

*Attorneys for Defendant Plaza Home Mortgage, Inc.*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................1

COUNTER-STATEMENT OF FACTS ......................................................................3

I.    THE RELATIONSHIP BETWEEN LENDERS ONE AND ITS AFFILIATES AND/OR ALTER EGOS ...................................................................................3

II.    PLAZA'S RELATED COMPLAINT AGAINST ACMO, CASTLELINE, AND APSI...................................................................................................................4

III.    PLAZA HAS NOT BREACHED THE AGREEMENT ...................................4

IV.    LENDERS ONE PARTICIPATES IN DISCOVERY IN THIS ACTION ........5

ARGUMENT...............................................................................................................6

I.    LENDERS ONE CANNOT USE DENIED ALLEGATIONS TO MEET ITS BURDEN THAT IT IS ENTITLED TO JUDGMENT ON THE PLEADINGS ON ITS BREACH OF CONTRACT CLAIM...................................................6

II.    PLAZA SUFFICIENTLY PLEADED ITS AFFIRMATIVE DEFENSES AND LENDERS ONE'S MOTION TO STRIKE SHOULD BE DENIED.............................10

    A.    Lenders One's Motion to Strike Is Untimely ......................................10

    B.    The Standard for Considering a Motion to Strike Affirmative Defenses Shows Why Lenders One's Motion Should Be Denied...................................11

    C.    Each of Plaza's Affirmative Defenses Plausibly Alleges a Basis to Defeat the Claims Asserted by Lenders One...................................................14

        1.    Failure to State a Claim ...................................................14

        2.    Failure to State a Justiciable Controversy ....................................15

        3.    Unclean Hands ...................................................................15

        4.    Waiver, Estoppel, and Laches.......................................................17

        5.    Bad Faith...........................................................................18

        6.    Spoliation ..........................................................................19

        7.    Unjust Enrichment ................................................................19

        8.    Attorneys' Fees ...................................................................20

9.   Failure to Provide Timely Notice....................................................20

10. Effect of Lenders One's Alter Egos' Breach of Contracts with Plaza ............21

D.   The Prejudice to Lenders One Is Contemplated by the Rules and Does Not Justify Lenders One's Motion to Strike ...............................................................22

E.   If Necessary, Plaza Should Be Granted Leave to Amend Its Answer .................22

III.   LENDERS ONE IS NOT ENTITLED TO JUDGMENT ON THE PLEADINGS ON ITS COMPANION DECLARATORY JUDGMENT CLAIM .....................................23

IV.   DISCOVERY SHOULD NOT BE STAYED, AND LENDERS ONE SHOULD CONTINUE TO PARTICIPATE IN DISCOVERY ......................................................23

CONCLUSION.......................................................................................................25

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*,
  404 F.3d 566 (2d Cir. 2005) ................................................................15

*Allstate Ins. Co. v. Vitality Physicians Grp. Practice P.C.*,
  537 F. Supp. 3d 533 (S.D.N.Y. 2021) ....................................................7

*Antolini v. Nieves*,
  2020 WL 5117915 (S.D.N.Y. Aug. 31, 2020)........................................15

*Capital World Trading, LLC v. Next Up Funding, Inc.*,
  2012 WL 601073 (S.D.N.Y. Feb. 23, 2012)..........................................10

*Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*,
  2023 WL 5971144 (S.D.N.Y. Sept. 14, 2023).........................................7

*Coach, Inc. v. Kmart Corps.*,
  756 F. Supp. 2d 421 (S.D.N.Y. 2010) ............................. 10, 12, 13, 14

*EEOC v. Kelley Drye & Warren, LLP*,
  2011 WL 3163443 (S.D.N.Y. July 25, 2011) ........................................14

*GEOMC Co. v. Calmare Therapeutics Inc.*,
  918 F.3d 92 (2d Cir. 2019) ...................................................... 12, 14, 22

*Hylton v. Hasten Beds, Inc.*,
  2024 WL 1526153 (S.D.N.Y. Apr. 9, 2024) .........................................12

*Lively v. WAFRA Inv. Advisory Grp., Inc.*,
  6 F.4th 293 (2d Cir. 2021) .....................................................................6

*In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*,
  2024 WL 1994205 (S.D.N.Y. May 6, 2024) ............................... 12, 13, 14

*Neopharm Ltd. v. Wyeth–Ayerst Int'l LLC*,
  170 F. Supp. 3d 612 (S.D.N.Y. 2016) ..................................................10

*Nielsen Co. (US) LLC v. TVSquared LTD*,
  2023 WL 4363005 (S.D.N.Y. July 6, 2023)..........................................24

*Red Label Music Publishing, Inc. v. Chila Prods.*,
  388 F. Supp. 3d 975 (N.D. Ill. 2019)....................................................11

*Rinaldi v. SCA La Goutte, D'Or*,
   2020 WL 5441290 (S.D.N.Y. Sept. 9, 2020)........................................................6

*Salcer v. Envicon Equities Corp.*,
   744 F.2d 935 (2d Cir. 1984), *vacated and remanded on other grounds*, 478
   U.S. 1015 (1986)......................................................................................13

*SEC v. McCaskey*,
   56 F. Supp. 2d 323 (S.D.N.Y. 1999)...............................................................13

*Shaub & Williams, L.L.P. v. Augme Technologies, Inc.*,
   2014 WL 625390 (S.D.N.Y. Feb. 14, 2014)......................................................14

*Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. M.C.F. Assocs., Inc.*,
   530 F. Supp. 3d 460 (S.D.N.Y. 2021)..............................................................16

*U.S. for Use of N. Maltese & Sons, Inc. v. Juno Const. Corp.*,
   759 F.2d 253 (2d Cir. 1985)...........................................................................6

*Virgin Group Holdings Ltd. v. Energy Parametrics & Communications, Inc.*,
   2011 WL 4448943 (S.D.N.Y. Sept. 26, 2011)....................................................8

*VoiceAge Corp. v. RealNetworks, Inc.*,
   926 F. Supp. 2d 524 (S.D.N.Y. 2013).............................................................10

*Worldwide Home Products, Inc. v. Bed Bath & Beyond Inc.*,
   2013 WL 247839 (S.D.N.Y. Jan. 22, 2013)......................................................12

**Statutes and Rules**

Fed. R. Civ. P. 12(b) .......................................................................................6

Fed. R. Civ. P. 12(c).....................................................................................6, 11

Fed. R. Civ. P. 12(f) ....................................................................................10, 11

Fed. R. Civ. P. 12(h) ......................................................................................11

Fed. R. Civ. P. 15(a) ......................................................................................22

Fed. R. Civ. P. 33(b) ........................................................................................5

Fed. R. Civ. P. 34(b) ........................................................................................5

Defendant Plaza Home Mortgage, Inc. ("Plaza"), submits this memorandum of law in opposition to Plaintiff Best Partners Mortgage Cooperative, Inc. d/b/a Lenders One's ("Lenders One") motion for judgment on the pleadings, motion to strike affirmative defenses, and motion to stay discovery (the "Motion," ECF No. 18).

## PRELIMINARY STATEMENT

Lenders One's Motion seeks to use a wide variety of standards to obtain several different kinds of relief, all of which are disfavored and should not be granted at this early stage of litigation. Lenders One filed this Action seeking a ruling that Plaza has breached the Agreement and First Amendment in place between Plaza and Lenders One.[1] Acknowledging the Agreement and the First Amendment and a dispute between the parties over how the contracts work and whether any breach had occurred, Plaza did not move to dismiss. Instead, Plaza filed its Answer and Affirmative Defenses (the "Answer," ECF No. 12), and the parties served discovery. With no motion to dismiss filed and no substantive discovery exchanged, Lenders One filed its Motion, seeking judgment on the pleadings that Plaza has breached the Agreement and First Amendment. Rather than crediting Plaza's denials of its allegations, Lenders One seeks to have the Court credit *its* allegations as true. As the non-moving party, it is *Plaza's* denials and allegations that must be accepted as true. Given the denials asserted by Plaza, and with proper consideration of this standard, Lenders One's Motion fails immediately.

Lenders One tries to characterize Plaza's Answer as somehow "admitting" the elements of its breach of contract claim, including Lenders One's performance under the contracts at issue and Plaza's breach thereof. But reference to Plaza's Answer shows Plaza clearly denied those allegations each time Lenders One tried to make them. Lenders One seeks to have the Court

---

[1] Capitalized terms not otherwise defined herein have the meaning assigned in the Motion.

disregard those denials with no discovery, which would amount to a revolution in contract litigation under the Federal Rules of Civil Procedure; Lenders One's effort must be rejected.

Lenders One also seeks to strike Plaza's affirmative defenses, which, as a matter of law, further require denial of its motion for judgment on the pleadings. Lenders One's motion to strike is (a) untimely, (b) disfavored, and (c) fatally flawed on the merits, and must be denied. Lenders One claims that Plaza has not alleged facts to support its affirmative defenses, but in so doing ignores not only the allegations in the Answer, but also Plaza's detailed complaint against Lenders One's affiliates and/or alter egos incorporated in the Answer by reference. In that related action, *Plaza Home Mortgage, Inc. v. Ass'n of Certified Mortgage Originators Risk Retention Group, Inc.*, No. 1:24-cv-02191 (S.D.N.Y.) (the "ACMO Action"),[2] also pending before this Court, Plaza has alleged that Lenders One's affiliates or alter egos brazenly and arbitrarily breached contracts with Plaza to alleviate their financial distress; this conduct was coordinated with Lenders One's conduct toward Plaza in this case. Despite acknowledging the ACMO Action was related to this Action, for purposes of its motion to strike, Lenders One feigns ignorance of what conduct supports Plaza's affirmative defenses of unclean hands, waiver, estoppel, bad faith, and breach of the contracts at issue in the ACMO Action. The ACMO Action Complaint presents 17 pages of detailed allegations describing some of that conduct. To the extent necessary given the relaxed application of the plausibility standard mandated by the Second Circuit in the context of affirmative defenses, these allegations provide ample notice of the conduct that supports these affirmative defenses.

---

[2] For ease of reference, the ACMO Action Complaint, referenced throughout this brief, is attached to the accompanying Declaration of Alexander M. Sugzda ("Sugzda Decl."), filed contemporaneously herewith as Exhibit A.

Lenders One also seeks to move to stay discovery, a motion that should be denied given that it has participated in discovery until the belated filing of its Motion, which was timed to avoid having to provide substantive discovery responses. Discovery should proceed and Plaza should be given the opportunity to prove its interpretation of the contracts at issue, that no breach occurred, and its affirmative defenses to the liability Lenders One seeks to impose.

<u>COUNTER-STATEMENT OF FACTS</u>

I.    **THE RELATIONSHIP BETWEEN LENDERS ONE AND ITS AFFILIATES AND/OR ALTER EGOS**

Although Lenders One does not disclose it in its Complaint, it is managed by The Mortgage Partnership of America, L.L.C. ("MPA"), which is a wholly-owned subsidiary of Altisource Portfolio Solutions, S.A. ("Altisource"). *See* Sugzda Decl., Ex. B (Altisource Form 10-K for the fiscal year ending Dec. 31, 2023) at 59. "MPA is the primary beneficiary of Lenders One as it has the power to direct the activities that most significantly impact the cooperative's economic performance and the right to receive benefits from the cooperative." *Id.* Among the dozens of other subsidiaries of Altisource are the Association of Certified Mortgage Originators Risk Retention Group, Inc. ("ACMO"), CastleLine Risk and Insurance Services, LLC ("CastleLine"), and Altisource Portfolio Solutions, Inc. ("APSI"). *See id.* Ex. 21.1.

There appears to be substantial overlap between the management of these various entities. One person—Justin Demola—is identified in both this Action and the ACMO Action as (a) the President of Lenders One, and the signatory on behalf of Lenders One of both the First Amendment and the notice of default sent to Plaza (*see* ECF No. 1-2 at 5; ECF No. 1-3 at 2); (b) the Chief Executive Officer of CastleLine (ACMO Action ECF No. 22-2 at 1); and (c) the President of ACMO (*id.*). Plaza's understanding based on its dealings with these entities is they act in concert under the umbrella of the Altisource parent entity, and it has already served discovery in both this

Action and the ACMO Action to discover additional information concerning the relationship between each of these entities. Sugzda Decl. ¶¶ 4–5.

## II. PLAZA'S RELATED COMPLAINT AGAINST ACMO, CASTLELINE, AND APSI

In the ACMO Action, Plaza has asserted claims against ACMO, CastleLine, and APSI for (1) breach of contract, (2) declaratory judgment, (3) breach of the implied covenant of good faith and fair dealing, (4) deceptive business practices pursuant to New York General Business Law § 349, and (5) tortious interference with contract. ACMO Action, ECF No. 1 ¶¶ 74–112. Plaza has alleged (allegations that must be accepted as true for purposes of this Motion) that, following years of paying more than 60 claims under Certified Loan Insurance Policies ACMO issued to Plaza (the "ACMO Policies") under a well-established claim process, CastleLine, on behalf of ACMO, suddenly and arbitrarily denied all open claims made by Plaza, taking the position that the claims process the parties had followed for years violated multiple policy provisions. *Id.* ¶¶ 51–73. Plaza alleges that this breach of the ACMO Policies was engineered by CastleLine and APSI because one or more of the Altisource entities are in financial distress. *Id.* ¶¶ 63, 73, 88–112.

Lenders One has, from the outset, acknowledged that the two actions are related, *see* ECF No. 4 at 1 (Lenders One Civil Cover Sheet claiming relation of this Action to the ACMO Action), and both Actions have been assigned to this Court. The reasonable inference is that Altisource's conduct has been orchestrated among its subsidiaries to maximize revenue during this period of financial distress: stop paying legitimate claims under the ACMO Policies, and take unreasonable and unjustified positions under the Lenders One contracts to try to force Plaza to pay amounts not owed under those contracts.

## III. PLAZA HAS NOT BREACHED THE AGREEMENT

Lenders One claims that Plaza breached the Agreement by refusing to pay invoices beginning in September 2023 and failing to provide required reports to Lenders One beginning in

January 2024. Mot. at 4. Lenders One cites only to the allegations in its Complaint as support for these supposed "facts" and omits entirely that Plaza denied these "facts" in its Answer. *See id.* (citing Compl. ¶¶ 27–28, 30–35 in support of its description of Plaza's "breach"); Ans. ¶¶ 27–28, 30–35 (denying each allegation of breach).

To be clear: Plaza denies that it committed *any* breach of the Agreement or the First Amendment. Plaza does not owe any amounts to Lenders One under the Agreement and First Amendment. As Lenders One evidently feels differently, the parties have opposing interpretations of the contracts, and Plaza looks forward to proving its interpretation and testing that of Lenders One in this Action, through discovery and otherwise.

## IV.    LENDERS ONE PARTICIPATES IN DISCOVERY IN THIS ACTION

The parties filed a joint status letter and [Proposed] Case Management Plan and Scheduling Order (the "Proposed Scheduling Order") on September 24, 2024. ECF Nos. 14, 14-1. Although Lenders One said at the time it contemplated making a motion to stay discovery, ECF No. 14 at 2, Lenders One did not make that motion at that time. Instead, in accordance with the dates the parties proposed in the Proposed Scheduling Order, the parties exchanged initial disclosures on October 8, 2024, and exchanged initial requests for the production of documents and interrogatories on October 18, 2024. Sugzda Decl. ¶¶ 7–8. Responses to those initial discovery requests were due on November 18, 2024. *See* Fed. R. Civ. P. 33(b)(2) & 34(b)(2)(A). Plaza served its responses to Lenders One's discovery requests on November 18; Lenders One, however, did not serve its responses and instead filed its Motion. Sugzda Decl. ¶ 11. Lenders One is therefore in violation of the Federal Rules of Civil Procedure for failing to serve its discovery responses, and Plaza will seek relief for that violation in accordance with the applicable rules.

## **ARGUMENT**

### I.     **LENDERS ONE CANNOT USE DENIED ALLEGATIONS TO MEET ITS BURDEN THAT IT IS ENTITLED TO JUDGMENT ON THE PLEADINGS ON ITS BREACH OF CONTRACT CLAIM**

Lenders One disregards the standard for success on a motion for judgment on the pleadings. Despite Lenders One's claim to the contrary, Plaza *has not* "[a]dmitted [a]ll [r]elevant [f]acts" for Lenders One's breach of contract claim. Mot. at 5. Instead, Lenders One tries to alchemize Plaza's *explicit* denial that it committed the allegedly breaching conduct into a tacit admission that it did. As with so many attempts at this feat before, Lenders One's attempts fail. Given Plaza's denials of Lenders One's allegations, Lenders One's motion for judgment on the pleadings must be denied, and the case should proceed to discovery to see if there is any proof for Lenders One's denied allegations and legal conclusions.

It is well established in the Second Circuit that "[i]n deciding a motion for judgment on the pleadings, a district court must employ the same standard applicable to Rule 12(b)(6) motions to dismiss. This means accepting the non-moving party's allegations as true and viewing the facts in the light most favorable to that party . . . ." *Rinaldi v. SCA La Goutte, D'Or*, 2020 WL 5441290, at *3 (S.D.N.Y. Sept. 9, 2020) (Broderick, J.) (internal quotations and citations omitted). All reasonable inferences must also be drawn in the non-moving party's favor. *See, e.g.*, *Lively v. WAFRA Inv. Advisory Grp., Inc*., 6 F.4th 293, 305 (2d Cir. 2021). "Under Rule 12(c), a party is entitled to judgment on the pleadings only if it has established that *no material issue of fact remains to be resolved*" and that it is "entitled to judgment as a matter of law." *Rinaldi*, 2020 WL 5441290 at *3 (emphasis added, internal quotation marks omitted). "It is hardly necessary to cite authority for the proposition that whether there has been a breach of contract is a question of fact." *U.S. for Use of N. Maltese & Sons, Inc. v. Juno Const. Corp.*, 759 F.2d 253, 255 (2d Cir. 1985).

"When a plaintiff moves for judgment on the pleadings, the question for determination is whether on the *undenied* facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law." *Allstate Ins. Co. v. Vitality Physicians Grp. Practice P.C.*, 537 F. Supp. 3d 533, 545 (S.D.N.Y. 2021) (emphasis added). "A defendant raising plausible affirmative defenses in her answer will generally bar a plaintiff's motion for judgment on the pleadings." *Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, 2023 WL 5971144, at *15 (S.D.N.Y. Sept. 14, 2023).

In claiming that Plaza has admitted all facts necessary to grant its motion for judgment on the pleadings, Lenders One apparently rests its hopes on the Court not looking at Plaza's Answer and instead taking Lenders One's word for it that Plaza has made these admissions. Plaza therefore repeats its denials below so that the Court can see that Lenders One's characterization of them is divorced from reality; Plaza has explicitly denied the allegations on which Lenders One relies.

Lenders One begins with legitimate admissions: Plaza admitted to the existence of the Agreement and the First Amendment and that it entered into those contracts. Mot. at 6; Ans. ¶¶ 11, 21, 38. This is not the type of breach of contract case in which the defendant claims no contract existed; rather, here, the parties have diverging interpretations of what was required under the contracts, as Plaza's responses to the remaining allegations make clear. Even in the allegations Lenders One cites, Plaza does not admit that it has a full copy of the contracts (which will require discovery), Ans. ¶¶ 11, 21, or to Lenders One's characterization of the parties' intent when entering into the contracts (which will also need to be tested in discovery). *Id.* ¶ 38.

However, Lenders One then goes off the rails in claiming that "there is no dispute that Lenders One has fully performed its obligations under the Agreement." Mot. at 6. Lenders One points solely to paragraph 24 of its Complaint for its allegation that it fully performed under the

Agreement and makes the remarkable claim that "[n]othing in the Answer raises any factual dispute about this allegation." *Id.* In its response to Paragraph 24, Plaza stated:

> The allegations in paragraph 24 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, *Plaza denies the allegations in paragraph 24 of the Complaint.*

Ans. ¶ 24 (emphasis added). Plaza explicitly denied the allegation of full performance, yet Lenders One claims that nothing in the Answer raises a factual dispute regarding this allegation; clearly, Lenders One's characterization is divorced from reality. Based on the denial of this allegation alone, which is critical to Lenders One's breach of contract claim, Lenders One's motion must be denied, and this action must proceed to discovery to test that allegation and determine its truth. Plaza is confident that it will prevail and that a decision on the merits after discovery will establish it owes nothing to Lenders One under the Agreement (or the First Amendment).

This case is analogous to *Virgin Group Holdings Ltd. v. Energy Parametrics & Communications, Inc.*, in which the court denied plaintiff's motion for judgment on the pleadings on a breach of contract claim because defendant "lack[ed] sufficient information to either admit or deny" plaintiff's allegation that plaintiff was ready to perform plaintiff's obligations under the contract. 2011 WL 4448943, at *1 (S.D.N.Y. Sept. 26, 2011). Thus, the "pleadings alone do not establish undisputed evidence of [p]laintiff's performance, and therefore indicate [d]efendant's need to seek discovery on this element of the claim." *Id.* Similarly here, Plaza denied that Lenders One performed under the contracts at issue.

But Lenders One's statements in the Motion that are contradicted by the actual statements in the Answer do not stop there. Lenders One further claims that "[t]here is also no dispute that from August 2023 to the present, Plaza failed to pay the Production Marketing Fees *in breach of the Agreement*." Mot. at 6 (emphasis added). Throughout its Answer, Plaza consistently denied Lenders One's allegations that the Agreement has been breached. Lenders One first points to

paragraphs 36–42 of its Complaint. Mot. at 6–7. Paragraph 40 lists six different ways in which Plaza allegedly "breached the agreement." Plaza responded to paragraph 40 as follows:

> The allegations in paragraph 40 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, *Plaza denies the allegations in paragraph 40*.

Ans. ¶ 40 (emphasis added). Lenders One then points to paragraph 25, which states "Plaza regularly paid the Production Marketing Fees in accordance with the Agreement until the date of its initial breach, October 31, 2023, when Plaza stopped making Production Marketing Fees payments to Lenders One." Mot. at 7. Plaza responded to paragraph 25 as follows:

> Plaza admits that it made certain payments pursuant to the Agreement. The remaining allegations in paragraph 25 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, *Plaza denies the remaining allegations in paragraph 25*.

Ans. ¶ 25 (emphasis added). One of the "remaining allegations in paragraph 25" was that Plaza had breached the Agreement on October 31, 2023. Plaza denied that allegation. Lenders One then cites paragraphs 25–27. Mot. at 7. Paragraph 27 states: "On or about October 31, 2023, Plaza breached its obligations under the Agreement by refusing to pay the September 30, 2023 invoice and by not paying any further invoices for Production Marketing Fees that it received from Lenders One." Plaza responded to paragraph 27 as follows:

> The allegations in paragraph 27 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, *Plaza denies the allegations in paragraph 27*.

Ans. ¶ 27 (emphasis added). Once again, when Lenders One alleged breach, Plaza denied the allegation.

Lenders One tries to spin this into no dispute by saying "Plaza does not dispute that it failed to pay the Production Marketing Fees owed from August 2023 to the present, which constitutes a breach of the Agreement." Mot. at 7. But Plaza does—clearly, explicitly, and often—dispute that

any Production Marketing Fees were owed at that time, and that it committed any breach of the

Agreement. Each of the explicit denials quoted above are enough to prove that point, but even if

more is required, Plaza's First Affirmative Defense is that Lenders One's Complaint fails to state

a claim for which relief can be granted. Ans. at 14. Courts have treated this as a general denial of

the elements of the cause of action being asserted. *See, e.g.*, *Coach, Inc. v. Kmart Corps.*, 756 F.

Supp. 2d 421, 432 (S.D.N.Y. 2010).[3] The motion for judgment on the pleadings must be denied

and discovery must proceed into the parties' respective interpretations of the Agreement, when

either party breached the Agreement, and whether and to what extent any amounts are owed under

the contracts. As no determination as to breach by either party can be made at this juncture, Lenders

One's request for its fees for enforcing the Agreement is unwarranted, and Plaza makes no

corresponding request at this time.

## II.    PLAZA SUFFICIENTLY PLEADED ITS AFFIRMATIVE DEFENSES AND LENDERS ONE'S MOTION TO STRIKE SHOULD BE DENIED

### A.    Lenders One's Motion to Strike Is Untimely

Lenders One acknowledges that its motion to strike Plaza's affirmative defenses is

governed by Federal Rule of Civil Procedure 12(f), Mot. at 9, but omits from its Motion the time

---

[3] These denials set this case apart from the cases cited by Lenders One in which courts have granted motions for judgment on the pleadings on breach of contract claims. In *Neopharm Ltd. v. Wyeth–Ayerst Int'l LLC*, the parties did not dispute that the defendant terminated the contract at issue. *See* 170 F. Supp. 3d 612, 614 (S.D.N.Y. 2016) (citing both the Complaint and Answer for the proposition that "[o]n May 1, 2014—while the Agreement was still in effect—Wyeth sent Neopharm a letter terminating the Agreement"). Instead, the parties, agreeing on the facts, both moved for judgment on the pleadings to determine if the contract allowed the defendant to unilaterally terminate it, the court found the contract unambiguous, and granted plaintiff's motion for judgment on the pleadings. *Id.* at 613–19, 622. In *VoiceAge Corp. v. RealNetworks, Inc.*, the court did not address any denials of allegations of breach of contract, it accepted as true the facts that one party performed and the other party's performance was due. *See VoiceAge*, 926 F. Supp. 2d 524, 530–32 (S.D.N.Y. 2013). Finally, in *Capital World Trading, LLC v. Next Up Funding, Inc.*, the defendants admitted that the plaintiff performed under the contract and the defendants did not make the payments allegedly due. 2012 WL 601073, at *1 (S.D.N.Y. Feb. 23, 2012).

limit imposed by Rule 12(f) for such a motion. Rule 12(f) provides that a motion to strike may be made "by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Plaza filed its Answer on September 9, 2024. *See* ECF No. 12. With no counterclaims in the Answer, there was no response allowed to the Answer, meaning Lenders One's motion to strike under Rule 12(f) needed to be made by September 30, 2024. Lenders One filed its Motion on November 18, 2024. It is therefore untimely and can be rejected on that basis alone.

While Lenders One does not acknowledge the time period imposed by the Rule it invokes in its Motion, it does cite Rule 12(h)(2)(B) for its statement that "[f]ailure [. . .] to state a legal defense to a claim may be raised … by a motion under Rule 12(c)." Mot. at 9. However, Rule 12(h)(2) does not provide a different time period to file a motion to strike than Rule 12(f), which appears mere lines above it in the Federal Rules. As one court has observed in denying a motion to strike affirmative defenses as untimely: "Rule 12(h)(2)(B) does not permit a party to move to strike an affirmative defense after the Rule 12(f) deadline. It merely clarifies that a party may raise the 'failure … to state a legal defense to a claim … by a motion under Rule 12(c).'" *Red Label Music Publishing, Inc. v. Chila Prods.*, 388 F. Supp. 3d 975, 981–82 (N.D. Ill. 2019). Because Lenders One ignores the time period provided in Rule 12(f) and filed its Motion more than forty days after that time period had elapsed, the motion to strike should be denied as untimely.

### B.   The Standard for Considering a Motion to Strike Affirmative Defenses Shows Why Lenders One's Motion Should Be Denied

As this Court has explained:

> To succeed on a motion to strike an affirmative defense, Plaintiff must "show that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense."

*In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.* (*In re MTBE*), 2024 WL 1994205, at *17 (S.D.N.Y. May 6, 2024) (Broderick, J.) (quoting *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019)).

"The first factor must be considered by reference to 'the plausibility standard of [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)] ... but with the recognition of the 'context-specific' matter of 'pleading an affirmative defense.'" *Id.* In *GEOMC*, the Second Circuit explained that the "key aspect of the context relevant to the standard for pleading an affirmative defense" is that while the plaintiff has the entire time of the statute of limitations to gather facts to support allegations in its complaint, "[b]y contrast," a defendant has a much shorter period of time to prepare its answer. 918 F.3d at 98. Thus, an affirmative defense does not need to be "pleaded with the same degree of factual detail as a complaint" since "unlike a complaint, an answer is not a pleading to which a response is required." *Hylton v. Hasten Beds, Inc.,* No. 19-CV-662 (VSB), 2024 WL 1526153, at *2 (S.D.N.Y. Apr. 9, 2024) (Broderick, J.) (quoting *New London Assocs., LLC v. Kinetic Soc. LLC,* No. 18-CV-7963 (DLC), 2019 WL 2918163, at *1 (S.D.N.Y. July 8, 2019)). Moreover, the *GEOMC* court explained that the facts needed to plead certain affirmative defenses "may not be readily known to the defendant, a circumstance warranting a relaxed application of the plausibility standard." *Id.*

Lenders One provided a dated and inaccurate version of this standard in its Motion, claiming there needs to be "substantial questions of law or fact that might allow the defense to succeed." Mot. at 9.[4] As can be seen from this Court's recitation of the accurate version of the

---

[4] Lenders One cited *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421 (S.D.N.Y. 2010), and *Worldwide Home Products, Inc. v. Bed Bath & Beyond Inc.*, 2013 WL 247839 (S.D.N.Y. Jan. 22, 2013), for this proposition, despite the fact that *Coach* was specifically cited by the Second Circuit in *GEOMC* for having used a variation of the standard, particularly adding the word "substantial," which the *GEOMC* court sought to "clarify" in its ruling. 918 F.3d at 96–97 & n.6.

standard, the word "substantial" appears nowhere therein—that was added by Lenders One. The fact that *any* question of law or fact should defeat a motion to strike is consistent with oft-repeated guidance from the Second Circuit, which has explained that "such motions are generally disfavored and will not be granted 'unless it appears to a certainty that plaintiff[ ] would succeed despite any state of the facts which could be proved in support of the defense.'" *In re MTBE*, 2024 WL 1994205, at *17 (quoting *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated and remanded on other grounds*, 478 U.S. 1015 (1986)). The *Salcer* court continued: "'[E]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits.' . . . To do otherwise would be to run the risk of offering an advisory opinion on an abstract and hypothetical set of facts." 744 F.2d at 939 (quoting 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1381)).

In considering a motion to strike an affirmative defense, the Court should construe "the pleadings liberally to give the defendant a full opportunity to support its claims at trial, after full discovery has been made." *SEC v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999). In determining the sufficiency of a defense, "the Court ordinarily accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the [non-moving party's] favor." *Coach*, 756 F. Supp. 2d at 425.

Cases addressing motions to strike affirmative defenses present a clear pattern: when an affirmative defense asserts a claim that the defendant is not legally able to assert, or when no facts are proffered in support of an affirmative defense, courts strike defenses to avoid the prejudice to a plaintiff of having to address defenses that could never affect its entitlement to relief or are purely

speculative.[5] However, when a defendant can point to facts or inferences supporting potential application of its defenses to avoid liability sought by the plaintiff, motions to strike those defenses are denied, and the defendant is given every opportunity to prove those defenses through discovery, motion, or trial.[6] Because the affirmative defenses asserted by Plaza are legally permissible and supported by facts and reasonable inferences, Lenders One's motion to strike must be denied in its entirety.

**C.      Each of Plaza's Affirmative Defenses Plausibly Alleges a Basis to Defeat the Claims Asserted by Lenders One**

1.      <u>Failure to State a Claim</u>

As demonstrated above, Plaza's Answer denies that Plaza owes any amount to Lenders One and therefore shows that Lenders One cannot prevail on its claims for breach of contract or declaratory judgment. *Supra* Argument § I. As set forth in one of the cases relied upon by Lenders One, a motion to strike Plaza's corresponding First Affirmative Defense for failure to state a claim on which relief can be granted must therefore fail: "It is well settled . . . that a failure-to-state-a-claim defense can properly be asserted as an affirmative defense in an answer. . . . And a failure-to-state-a-claim defense is not vulnerable to motions to strike because the defense is analogous to a general denial and its inclusion, although likely redundant, does not prejudice plaintiffs." *Coach*,

---

[5]  *See, e.g.*, *GEOMC*, 918 F.3d at 99 (striking affirmative defenses where there was no indication of what conduct would be a defense to a breach of contract claim and what party needed to be joined); *In re MTBE*, 2024 WL 1994205, at *19 (striking affirmative defenses for recoupment and setoff when defendant had no legal right to seek either); *EEOC v. Kelley Drye & Warren, LLP*, 2011 WL 3163443, at *3–4 (S.D.N.Y. July 25, 2011) (striking affirmative defenses based on statute of limitations or EEOC statutory authority that defendant was not legally able to assert).

[6]  *See, e.g.*, *Shaub & Williams, L.L.P. v. Augme Technologies, Inc.*, 2014 WL 625390, at *7 (S.D.N.Y. Feb. 14, 2014) (denying motion to strike properly asserted defenses that raised issues of fact "not appropriate for determination on a motion to strike"); *Kelley Drye*, 2011 WL 3163443, at *4–5 (denying motion to strike affirmative defenses of waiver, laches, and estoppel that presented factual issues, as well as defense that presented unsettled question of law on availability of punitive damages).

756 F. Supp. 2d at 421 (citations omitted); *see also Antolini v. Nieves*, 2020 WL 5117915, at *1 (S.D.N.Y. Aug. 31, 2020) (Broderick, J.) (denying motion to strike failure-to-state-a-claim defense).

### 2. Failure to State a Justiciable Controversy

Similarly, Lenders One's attempt to strike Plaza's Second Affirmative Defense for failure to state a justiciable controversy must also fail. Plaza has demonstrated why Lenders One is not entitled to the declaratory judgment it seeks, *see supra* Argument § I and *infra* Argument § III, thus the corresponding defense must also survive, and Lenders One does not provide any authority for striking the defense.

### 3. Unclean Hands

Lenders One splits Plaza's Third Affirmative Defense in two pieces and begins by discussing unclean hands, arguing that because it seeks money damages for breach of contract, "Plaza may not avail itself of an unclean hands defense as a matter of law." Mot. at 11. But Lenders One does not cite any authority striking a defense on that basis; the case it cites ruled on the applicability of that defense not at the pleadings stage, but on motions for summary judgment. *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 607 (2d Cir. 2005) (granting motion for summary judgment on unclean hands defense). And Lenders One ignores that its Complaint seeks "such other and further relief as the Court deems just and proper." Compl. at 8. If Lenders One is taking the position that it is seeking no equitable relief, it should amend its Complaint to reflect that; until that time, Plaza is entitled to assert all affirmative defenses to the relief sought by Lenders One.

Lenders One then focuses on what serves as a common theme throughout its motion to strike, arguing that Plaza "alleges no supporting factual matter and provides no indication of how an unclean hands defense would bar any of Lenders One's claims." Mot. at 12. This ignores the

allegations in the Answer and the allegations in Plaza's related complaint in the ACMO Action

against Lenders One's affiliates and/or alter egos, which provide detailed allegations to support a

defense based on unclean hands. The ACMO Action Complaint contains 17 pages of detailed

allegations concerning the unjustified, malicious, and/or fraudulent conduct of those entities

toward Plaza and the arbitrary and flagrant breach of the contracts between ACMO and Plaza,

engineered by CastleLine and/or APSI in bad faith and by way of tortious interference. *Supra*

Counter-Statement of Facts § II. These entities overlap substantially (if not entirely) with Lenders

One. All four entities are subsidiaries of Altisource, and one person, Justin Demola, is (a) the CEO

of CastleLine, (b) the President of ACMO, and (c) the President of Lenders One. *Supra* Counter-

Statement of Facts § I. Lenders One acknowledged that the two cases are related in the Civil Cover

Sheet and described them as related in the parties' initial conference letter to the Court. *See* ECF

No. 4 at 1, ECF No. 14 at 1. And the allegations in Plaza's Complaint are specifically referenced

in its Answer, in the Ninth Affirmative Defense. Ans. at 16.

Now, however, in the service of its disfavored motion to strike, Lenders One feigns

ignorance of any allegations that would support Plaza's affirmative defenses. The defense of

unclean hands lies when a plaintiff has committed "misconduct" or is "tainted with . . . bad faith"

with regard to the claim it has asserted. *See, e.g.*, *Trustees of N.Y.C. Dist. Council of Carpenters*

*Pension Fund v. M.C.F. Assocs., Inc.*, 530 F. Supp. 3d 460, 464–65 (S.D.N.Y. 2021). Plaza's

Fourth Affirmative Defense alleges that "Lenders One failed to act in a manner consistent with its

obligations of good faith and fair dealing." Ans. at 15. Plaza's Complaint in the ACMO Action

similarly asserts a claim for breach of the implied covenant of good faith and fair dealing against

ACMO, CastleLine, and APSI. *See* ACMO Action Compl. ¶¶ 88–96. The ACMO Action

Complaint also alleges various misconduct by Lenders One's affiliates and/or alter egos, including

arbitrarily and purposefully breaching contracts with Plaza because one or more of them are in financial distress. *See id.* ¶ 73. There are ample allegations both in the Answer and the ACMO Action Complaint incorporated in the Answer by reference that support Plaza's Third Affirmative Defense based on unclean hands. And discovery is likely to reveal additional facts supporting this defense, which should survive Lenders One's motion to strike.

4.  Waiver, Estoppel, and Laches

In seeking to strike the portions of Plaza's Third Affirmative Defense related to the doctrines of waiver, collateral estoppel, res judicata, and/or judicial estoppel, Lenders One claims that "[n]o fact pled in the Answer indicates how Lenders One intentionally relinquished any known right," and that "Plaza does not allege any facts indicating that it relied on any representations or conduct by Lenders One to its detriment." Mot. at 12–13. Again, Plaza has alleged those facts in the Answer and in the ACMO Action Complaint. Through its arbitrary and intentional actions to disregard its contractual obligations to Plaza under the ACMO Policies, it is a reasonable inference that Altisource intended for all contractual obligations between it (including each of its various subsidiaries) and Plaza to be null and void. That would constitute an intentional relinquishment of rights under the Agreement and the First Amendment. Plaza is entitled to discovery to determine what Altisource's and Lenders One's intent was in taking the actions it has undisputedly taken and whether that intent rises to the level of waiver.

Lenders One claims that "*the terms of the Agreement expressly preclude Plaza's waiver defense,*" (*id.* at 12), but the actual term of the Agreement cited by Lenders One does nothing of the sort. The Agreement provides that any waiver of its terms must be in writing (*id.* at 12 n.6)— not that any waiver defense is precluded—and Plaza is entitled to discovery to determine what writings exist and whether any such writings either satisfy the provision of the Agreement or whether that provision of the Agreement is enforceable.

Lenders One similarly argues with regard to estoppel that "Plaza does not allege any facts indicating that it relied on any representations or conduct by Lenders One to its detriment." *Id.* at 13. Again, this is directly at odds with Plaza's allegations in this Action and the ACMO Action. Plaza relied on the representations Altisource made in the Agreement, the First Amendment, the ACMO Policies, and made in the years of handling claims under the ACMO Policies, to its ultimate detriment when Altisource made the decision to stop paying amounts owed to Plaza and seek to collect amounts beyond what Plaza owed it. With regard to the defense of laches, Lenders One claims that Plaza "does not allege any fact suggesting that Lenders One delayed bringing litigation or that Plaza was prejudiced," *id.*, but the delay is self-evident. Lenders One sent its notice of default on February 7, 2024. Despite Plaza bringing the ACMO Action in March 2024, Lenders One chose not to file suit until July 9, 2024. Plaza was prejudiced during that period by having to litigate against Lenders One's affiliates or alter egos, only to then litigate this Action on a different timeline with various associated inefficiencies. A laches defense is a standard defense to allow a defendant to develop evidence unknown to it at the time of its answer as to the plaintiff's decision when and how to bring claims and whether that supports a laches defense. Plaza should be afforded the same opportunity here.

### 5. Bad Faith

Lenders One claims that "Plaza's Answer does not allege any specific bad faith conduct by Lenders One," *id.* at 13, but again, this requires turning a blind eye to Lenders One's conduct and the conduct of its affiliates and/or alter egos alleged in the ACMO Action. Plaza has asserted a cause of action for breach of the implied covenant of good faith and fair dealing in that action, ACMO Action Compl. ¶¶ 88–96, and has extensive allegations of the conduct engaged in by those defendants to support that claim. In this Action, Plaza has alleged that Lenders One is the alter ego

of those entities (Ans. at 16), and therefore engaged in that bad faith conduct as well. The motion to strike Plaza's Fourth Affirmative Defense should be denied.

6.  <u>Spoliation</u>

Lenders One argues that "Plaza's Answer does not allege any facts sufficient to support its spoliation of evidence defense." Mot. at 13. However, this is precisely the type of defense, like several of Plaza's other defenses, that a defendant may not have access to the facts to prove at the pleadings stage. Indeed, spoliation is typically revealed in discovery, when a party propounds discovery requests that the responding party cannot answer and eventually admits that evidence no longer exists. That does not prevent a party from asserting an affirmative defense based on potential spoliation at the pleadings stage. And, as discovery has unfolded in the ACMO Action, Plaza has already obtained information that suggests spoliation may have taken place. *See, e.g.*, Sugzda Decl. ¶ 6 (describing the ACMO Action defendants' response in discovery that APSI possesses no relevant documents despite the fact that key individuals have "altisource.com" email addresses). Plaza must be allowed to preserve its spoliation defense through discovery to see what, if any, evidence cannot be accounted for and the reasons it is missing.

7.  <u>Unjust Enrichment</u>

Lenders One's argument to strike Plaza's defense of unjust enrichment is that "[w]here a contract exists, a party may not bring a claim for unjust enrichment." Mot. at 14. But Lenders One ignores that Plaza is not bringing a *claim* for unjust enrichment, it is asserting that as a defense. When a party brings a claim under a contract, in most cases it is limited to its contract damages, and cannot seek greater damages because the services it rendered were in fact more valuable than the contract price. Here, however, it is Plaza's position that Lenders One would be unjustly enriched by having Plaza continue to pay it because either (a) such payments are not required under the Agreement or the First Amendment or, (b) even if they are, such payments have been excused

by Lenders One's or its alter egos' conduct in breaching the Agreement, the First Amendment, or the other contracts between it and Plaza. This is a viable unjust enrichment *defense*, and it is not subject to a motion to strike for seeking unjust enrichment *damages*.

### 8. Attorneys' Fees

Lenders One's argument that Plaza's affirmative defense seeking its attorneys' fees for having to defend against this Action "does not meet the fair notice pleading standard," *id.* at 14, is inconsistent with Lenders One's own arguments in this case. Lenders One claims it is entitled to its attorneys' fees pursuant to Section 17 of the Agreement. *Id.* at 8. That same section of the Agreement provides that Lenders One shall indemnify, defend, and hold harmless Plaza from third-party Claims arising out of Lenders One's breach of the Agreement. *See* ECF No. 1-1 at 8. Plaza has asserted that Lenders One breached the agreement; if it prevails on that claim, it is entitled to its attorneys' fees from Lenders One.

### 9. Failure to Provide Timely Notice

Plaza's Eighth Affirmative Defense is that Lenders One breached the Agreement by failing to provide "reasonably prompt written notice of any Claims." Ans. at 15. Lenders One's only argument that the defense should be struck is to once again argue that the Court should accept its disputed allegations as true and ask the Court to reach a legal conclusion on an incomplete record. It claims that the written notice of default "attached to the Complaint establish[es] that Lenders One provided Plaza *prompt* written notice of its default." Mot. at 15 (emphasis added). The notice letter is dated February 7, 2024; Lenders One claims Plaza breached the Agreement based on an invoice from September 2023. *Id.* at 4. Plaza is entitled to discovery to determine what Lenders One did from the time of Plaza's alleged breach until the time it provided notice to Plaza and whether, given that delay, said notice can be considered prompt. The answers to those questions are not "attached to the Complaint" and require discovery on Plaza's Eighth Affirmative Defense.

10. <u>Effect of Lenders One's Alter Egos' Breach of Contracts with Plaza</u>

As detailed above, the conduct of Lenders One's affiliates and/or alter egos provides context for Lenders One's actions here and excuses any breach committed by Plaza. This provides an affirmative defense to Lenders One's claims and in itself requires denial of Lenders One's motion for judgment on the pleadings.

In order to have this defense struck, Lenders One resorts to statements that are easily shown to be inaccurate. Lenders One argues that Plaza "reach[es] for separate, unrelated, and unidentified 'contracts.'" Mot. at 15. But neither of these three adjectives is warranted. The contracts are not separate—the ACMO Policies and the Agreement and First Amendment are all part of the business arrangement between Plaza and Altisource (effectuated through Altisource's various subsidiaries). The ACMO Policies are not unrelated—Lenders One itself identified the ACMO Action concerning breach of the ACMO Policies as a related action to this Action. And the ACMO Policies are not unidentified—they are described at length in Plaza's Complaint in the ACMO Action (ACMO Action Compl. ¶¶ 25–50), incorporated by reference in Plaza's Answer.

Lenders One tries to hide behind the fact that "[t]he . . . contracts . . . involved different parties," Mot. at 16, but, as Plaza alleged in the Ninth Affirmative Defense, that may not be the case. To the extent that Lenders One and ACMO are separate tentacles of the same Altisource umbrella entity, the Agreement and First Amendment may involve the very same parties as the ACMO Policies. Plaza is entitled to discovery into Altisource's organization to prevent Altisource from improperly using the corporate form to evade responsibility for its actions to deprive Plaza of the benefit of its bargains with Altisource.

### D.    The Prejudice to Lenders One Is Contemplated by the Rules and Does Not Justify Lenders One's Motion to Strike

As the Second Circuit explained in *GEOMC*, prejudice is largely a matter of timing, and while including valid affirmative defenses in litigation will prejudice the plaintiff, that prejudice is inherent in the adversarial legal system and is not a basis for striking the affirmative defenses:

> Whether . . . prejudice[] should be a basis for dismissing . . . an otherwise valid affirmative defense will normally depend on when the defense is presented. A factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation. A defendant with such a defense is entitled to a full opportunity to assert it and have it adjudicated before a plaintiff may impose liability. . . . On the other hand, prejudice may be considered and, in some cases, may be determinative, where a defense is presented beyond the normal time limits of the Rules . . . .

918 F.3d at 98–99.

Plaza timely filed its affirmative defenses. That, in providing a defense to Lenders One's claims, they will prejudice Lenders One is not a basis for granting the motion to strike, and the motion to strike should be denied in order to allow Plaza to have its full opportunity to assert the defenses and have them adjudicated.

### E.    If Necessary, Plaza Should Be Granted Leave to Amend Its Answer

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires." As detailed above, Lenders One has extensive notice of Plaza's detailed allegations concerning its and its affiliates' conduct that justifies Plaza's denials of its allegations and the affirmative defenses Plaza has asserted. However, to the extent there is any need to make a more detailed showing of those allegations in its Answer in specific response to allegations or in support of its affirmative defenses, Plaza is willing and able to do so, and requests leave to amend its Answer to the extent necessary.

**III.    LENDERS ONE IS NOT ENTITLED TO JUDGMENT ON THE PLEADINGS ON ITS COMPANION DECLARATORY JUDGMENT CLAIM**

Lenders One offers no independent basis for judgment on the pleadings on its declaratory judgment claim, it merely argues that "[a]s this Court can decide Plaza's contractual liability on the pleadings, it can likewise declare Plaza's contractual obligation to provide reporting and pay fees until six months after termination." Mot. at 17. Because this Court cannot decide Plaza's contractual liability on the pleadings for the reasons explained *supra*, it also should reject Lenders One's request for judgment on the pleadings on its declaratory judgment count.

**IV.    DISCOVERY SHOULD NOT BE STAYED, AND LENDERS ONE SHOULD CONTINUE TO PARTICIPATE IN DISCOVERY**

Even under the standard articulated by Lenders One, Lenders One is not entitled to a stay of discovery. Lenders One identifies three factors in considering a motion to stay discovery while a dispositive motion is pending: (1) the breadth of discovery and the burden of responding to it; (2) the risk of unfair prejudice; and (3) the merits of the pending dispositive motion. Mot. at 18. No factor warrants a stay of discovery here.

The discovery served on Lenders One is narrowly tailored to the issues in dispute in this case. Plaza is seeking information concerning the relationship between Lenders One and its affiliates and/or alter egos ACMO, CastleLine, and APSI; the formation and interpretation of the Agreement and the First Amendment; performance under the Agreement and First Amendment; and Lenders One's claimed damages and any other documents it will rely on in this litigation. Sugzda Decl., Exs. C, D. These are focused on Lenders One's claims and Plaza's defenses and seek to provide Plaza a full and fair opportunity to litigate this case. The burden of responding to the discovery should be minimal, especially given the potentially significant overlap between this case and the ACMO Action in which the parties are proceeding with discovery, and with which the parties coordinated the Proposed Scheduling Order in this case. Lenders One makes only the

vague, conclusory assertion that discovery "indisputably would be burdensome," Mot. at 18, and did not state "how long it expects discovery to take, the costs associated with discovery, or any other indicator that might demonstrate why discovery will be overly burdensome," a circumstance in which this Court has denied a motion to stay discovery. *See Nielsen Co. (US) LLC v. TVSquared LTD*, 2023 WL 4363005, at *2 (S.D.N.Y. July 6, 2023) (Broderick, J.).

The risk of unfair prejudice is nonexistent. The best evidence of the lack of any such prejudice is Lenders One's own conduct having participated in discovery prior to tacking on a motion to stay along with its Motion. The motion to stay did not follow any sudden or new development: Plaza served the very discovery it previewed in the Joint Status Report to the Court in September 2024. *See* ECF No. 14 at 3. Instead, it was timed with Lenders One being required to produce the information that would support Plaza's affirmative defenses, which Lenders One is seeking to avoid with its Motion. Any stay would in fact prejudice *Plaza*, which is owed significant amounts by Altisource and seeks to resolve these issues as soon as possible.

And because the Motion must fail for any number of reasons as explained above, including, but not limited to, the facts that Plaza expressly denied the allegations Lenders One claims entitle it to judgment on the pleadings and the assertion of a general denial affirmative defense as well as several specific and well-pleaded affirmative defenses that independently require denial of the Motion under Second Circuit law, the strength of the Motion does not justify a stay. Indeed, the Motion is essentially frivolous, and the element seeking to stay discovery is no exception. It must be denied, the parties should complete discovery, and then the parties can have post-discovery dispositive motion practice if appropriate under the proper standard in this case with numerous disputed issues of material fact.

## <u>CONCLUSION</u>

For the foregoing reasons, and the authorities cited in their support, Plaza asks that the Court deny Lenders One's motion for judgment on the pleadings, motion to strike affirmative defenses and motion to stay discovery in their entirety and allow this case to continue through discovery.

Dated: New York, New York
      December 2, 2024

<u>/s/ *Alexander M. Sugzda*</u>
Alexander M. Sugzda
Erica Sweeting
Jay C. Hauser
COHEN ZIFFER FRENCHMAN &
MCKENNA LLP
1325 Avenue of the Americas, 31st Floor
New York, New York 10019
Tel: (212) 584-1890
Fax: (212) 584-1891
asugzda@cohenziffer.com
esweeting@cohenziffer.com
jhauser@cohenziffer.com

*Attorneys for Defendant Plaza Home
Mortgage, Inc.*