# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BEST PARTNERS MORTGAGE COOPERATIVE, INC. d/b/a LENDERS ONE,<br><br>Plaintiff,<br><br>v.<br><br>PLAZA HOME MORTGAGE, INC.,<br><br>Defendant. | Civil Action No.: 1:24-cv-05184-VSB |

## PLAZA HOME MORTGAGE, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Plaza Home Mortgage, Inc. ("Plaza"), hereby propounds its first set of requests for production of documents (the "Requests") to Plaintiff Best Partners Mortgage Cooperative, Inc. d/b/a Lenders One ("Lenders One" or "Plaintiff"). Pursuant to Federal Rule of Civil Procedure 34(b)(2)(A), Plaintiff must serve its answers and any objections within thirty (30) days of service of these Requests. The information requested is to be produced in accordance with the Definitions and Instructions that appear below.

## DEFINITIONS

1. "ACMO" refers to Association of Certified Mortgage Originators Risk Retention Group, Inc., and its current or former subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, or operating units, and includes without limitation its current or former officers, directors, shareholders, employees, principals, agents, trustees, claims handling or other representatives, consultants, managers, attorneys, advisors, accountants, bookkeepers, and all Persons or entities acting or purporting to act on its behalf, or any other related entities.

2. "Action" refers to the above-captioned lawsuit pending in the United States District Court for the Southern District of New York, No. 1:24-cv-05184-VSB (S.D.N.Y.).

3. "Agreement" means the Preferred Investor Agreement between Plaza and Lenders One, effective February 19, 2016, attached as Exhibit 1 to the Complaint, and any drafts of that Document, as well as any amendments or attachments to the Document, as well as any prior or subsequent version of a similar document entered between Plaza and Lenders One.

4. "All," "any," and "each" shall each be construed to include all of those terms.

5. "And" and "or" shall be construed both disjunctively and conjunctively, as necessary, to bring within the scope of these Requests all Documents and responses that might otherwise be considered to be beyond their scope.

6. "APSI" refers to Altisource Portfolio Solutions, Inc., and its current or former subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, or operating units, and includes without limitation its current or former officers, directors, shareholders, employees, principals, agents, trustees, claims handling or other representatives, consultants, managers, attorneys, advisors, accountants, bookkeepers, and all Persons or entities acting or purporting to act on its behalf, or any other related entities.

7. "CastleLine" refers to CastleLine Risk & Insurance Services, LLC, and its current or former subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, or operating units, and includes without limitation its current or former officers, directors, shareholders, employees, principals, agents, trustees, claims handling or other representatives, consultants, managers, attorneys, advisors, accountants, bookkeepers, and all Persons or entities acting or purporting to act on its behalf, or any other related entities.

8. "Communication" means the transmittal of information (in the form of facts, ideas,

inquiries, or otherwise).

9.  "Complaint" means the Complaint dated July 9, 2024, filed in this Action as Document 1, and inclusive of Exhibits 1 through 3 filed as Documents 1-1, 1-2, and 1-3 respectively.

10. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

11. "Demand Letter" means the letter from Justin Demola of Lenders One to Mike Fontaine of Plaza, dated February 7, 2024, attached as Exhibit 3 to the Complaint.

12. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

13. "First Action" means the matter captioned as *Plaza Home Mortgage, Inc. v. Association of Certified Mortgage Originators Risk Retention Group, Inc., et al.*, No. 1:24-CV-02191-VSB (S.D.N.Y.).

14. "First Amendment" means the First Amendment to the Agreement between Plaza and Lenders One, effective March 1, 2023, attached as Exhibit 2 to the Complaint and any drafts of that Document, as well as any amendments or attachments to the Document, as well as any prior or subsequent version of a similar document entered between Plaza and Lenders One.

15. "Identify," with respect to Documents, means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s) and recipient(s).

16. "Identify," with respect to Persons, means to give, to the extent known, the Person's

3

full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a Person has been identified in accordance with this definition, only the name of that Person need be listed in response to subsequent discovery requesting the identification of that Person.

17. "Lenders One," "Plaintiff," "You," or "Your" refers to Best Partners Mortgage Cooperative, Inc. d/b/a Lenders One and its current or former subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, or operating units, and includes without limitation its current or former officers, directors, shareholders, employees, principals, agents, trustees, claims handling or other representatives, consultants, managers, attorneys, advisors, accountants, bookkeepers, and all Persons or entities acting or purporting to act on its behalf, or any other related entities.

18. "Members" is defined to be synonymous in meaning and equal in scope to the usage of the term in the Agreement.

19. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association. For avoidance of doubt, this includes non-party natural persons or legal entities.

20. "Plaza" means Plaza Home Mortgage, Inc., and its current or former subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, or operating units, and includes without limitation its current or former officers, directors, shareholders, employees, principals, agents, trustees, claims handling or other representatives, consultants, managers, attorneys, advisors, accountants, bookkeepers, and all Persons or entities acting or purporting to act on its behalf, or any other related entities.

21. "Production Marketing Fee" is defined to be synonymous in meaning and equal in

scope to the usage of the term in Section 3 of the Agreement and Section 1.3 of the First Amendment.

22.     "Refer," "Relate," and "Relating to" mean relating to, embodying, evidencing, discussing, referring to, regarding, reflecting, identifying, or in any way connected with the named subject.

23.     "Representative" means: (1) any past or present officer, director, partner, associate, employee, servant, agent, subsidiary, affiliate, legal counsel, or any agent of a Person; and (2) any other Persons acting or purporting to act on behalf of, or in connection with, another Person.

## INSTRUCTIONS

The following rules of construction apply to all the following discovery requests:

1.     The use of the singular form of any word includes the plural and vice versa.

2.     Each Request seeks production of all Documents described below in Your possession, custody, or control.

3.     If You believe that any Person or entity may have possession, custody, or control of any Document that is not within Your possession, custody, or control but is otherwise responsive to any part of a Request, You shall so state and shall identify such Person or entity.

4.     Each Request contemplates production of the Document(s) in its entirety, without abbreviation, redaction, or expurgation.

5.     If any Request cannot be answered in full, it shall be complied with to the extent possible with an explanation as to why complete compliance is not possible.

6.     If any Documents have been destroyed or for any reason no longer exist or cannot be produced in their entirety, You are required to produce them to the extent possible, specifying the reasons for Your inability to produce them in their entirety and identify such Documents by

5

author, date, and subject matter.

7. The Documents sought are for the period beginning on January 1, 2014, and continuing to date, unless another period is specifically stated in the Request. These are continuing Requests for the production of Documents and, if additional responsive Documents are received or discovered after any production of Documents, all such responsive Documents shall be produced as they are received or discovered.

8. If any Request is deemed to call for the production of privileged materials and such privilege is asserted, You are required to furnish a list identifying each Document so withheld, together with the following information:

    a. The reason for withholding;

    b. A statement of facts constituting the basis for any claim of privilege, work product doctrine, or other ground of non-disclosure;

    c. A brief description of the Document withheld, including:

        i. the date of the Document;

        ii. the name of its author, authors or preparers and an identification by employment and title of each such Person;

        iii. the name of each Person who was sent, had access to, or custody of the Document, together with an identification of each such Person;

        iv. the Request to which the Document relates; and

        v. the subject matter of said Document.

9. Documents shall be produced as they are kept in the regular course of business or, in the alternative, organized and labeled so as to correspond to the order of the Requests.

10. Documents which constitute "electronically stored information" ("ESI") shall be

produced as follows:

    a. E-mail. E-mail shall be produced in searchable PDF or TIFF format with accompanying document-level full text and an Opticon/Concordance Image cross-reference file (i.e., ".opt" file type). The following metadata and document information shall be produced for each e-mail in a UTF-8 Dat load file: starting production number, ending production number, to, from, cc, bcc, date sent, time sent, subject, begattach, endattach, document extension, confidentiality and text file path. An individual e-mail message may be incorporated in subsequent messages that respond to or forward the original message. All such responses or forwarding e-mails (e-mail "chains") must be viewed as distinct, non-identical documents and produced as such. You shall provide e-mail attachments with production numbers immediately following the production numbers of the parent e-mail. E-mail attachments will be handled according to the provisions below applicable to other electronic documents. Redacted e-mails shall be produced as searchable PDF or TIFF images with applicable metadata, document information, and OCR text.

    b. Electronic Documents. Excel and CSV electronic documents shall be produced in native format with an accompanying placeholder image containing a unique bates number and any confidentiality stamping. Other electronic documents which include, but are not limited to, Word, PowerPoint and Access files shall be produced in searchable PDF or TIFF format with metadata intact with accompanying document-level full text

7

    and an Opticon/Concordance Image cross-reference file (i.e., ".opt" file type). The following metadata and document information shall be produced for each document in a UTF-8 Dat load file: starting production number, ending production number, original author, last author, date created, time created, date modified, time modified, original filename, original file path, begattach, endattach, document extension, confidentiality, text file path and native file path. Redacted electronic documents shall be produced as searchable PDF or TIFF images with applicable metadata, document information, and OCR text.

c. TIFF Images. Any TIFF images shall consist of single-page, black-and-white, Group IV TIFF images at 300 dpi, one file per image named after the production number with ".tif" as the extension.

d. Metadata and Document-Related Information. Metadata and document-related information shall be provided in a Concordance 8-formatted delimited file with a ".dat" file extension and ASCII 020 and 254 delimiters for column break and text qualifier, respectively. The first line will be the header containing field names, and each subsequent line will contain the fielded data for each document. Extracted Text or OCR shall not be embedded in the .dat file.

e. Hard Copy Documents. Hard copy (i.e., paper) documents shall be produced in searchable PDF or TIFF format with accompanying document-level full text and an Opticon/Concordance Image cross-reference file (i.e., ".opt" file type) and will include the starting production number and ending

8

      production number.

   f.  Text Files. Any text files shall consist of one file per document, named after the starting production number of the document, with ".txt" as the extension. OCR may be produced in lieu of extracted text for redacted documents.

11.  If an objection is made to any Request, state your objection and the ground or grounds for such objection with particularity in your written response. If an objection is made only to part of a Request, identify that part in your written response and state your objection and the ground(s) therefor.

12.  Terms not specifically defined shall be given their ordinary meanings as you understand them to be used in the trade or pursuant to their ordinary usage.

13.  These Requests shall be deemed continuing so as to require further and supplemental responses by You in the event that You obtain or discover additional information after the time of their initial response.

## REQUESTS FOR PRODUCTION

1.  All Documents and Communications relating to or referring to the corporate structure and affiliation of Lenders One, ACMO, CastleLine, and APSI.

2.  All Documents evidencing the relationship between Lenders One, ACMO, CastleLine, and APSI, including, but not limited to, Documents demonstrating or describing total or partial management control of one over another, Documents relating to reporting requirements between each of the above-named entities, decisions made by one on behalf of another, instructions issued from one to another, and/or employees of one of the above-named entities authorized to make decisions for another or act on behalf of another.

3.  All Documents and Communications explaining the business model and/or purpose

of Lenders One, including how it was intended to, did, or does function, and how it generates revenue and/or profits.

4. All Documents and Communications referring or relating to Lenders One and ACMO and/or CastleLine, including, but not limited to, Documents and Communications referring or relating to the ACMO insurance policies at issue in the First Action and the Agreement and/or the First Amendment.

5. Your organizational charts or other explanations of how Your business is run, sufficient to show Your personnel and operations (including, but not limited to, any outsourced personnel or operations) with any involvement in negotiating the terms of the Agreement and First Amendment and carrying out any responsibilities associated with the Agreement or First Amendment.

6. All Documents, including, but not limited to, resumes, curricula vitae, statements of qualifications and/or biographies, containing biographical information concerning all persons who participated in the drafting or negotiation of the Agreement and First Amendment and carrying out any responsibilities associated with the Agreement or First Amendment.

7. All Documents and Communications concerning the negotiation and drafting of the Agreement.

8. All Documents and Communications relating or referring to the Agreement, including, but not limited to, copies of the Agreement, and any riders, endorsements, and amendments.

9. All Documents and Communications referring or relating to Plaza's and/or Lenders One's performance of their respective obligations under the Agreement.

10. All Documents and Communications concerning the negotiation or drafting of the

First Amendment.

11. All Documents and Communications relating or referring to the First Amendment, including, but not limited to, copies of the Agreement, and any riders, endorsements, and amendments.

12. All Documents and Communications referring or relating to Plaza's and/or Lenders One's performance of their respective obligations under the First Amendment.

13. All Documents and Communications concerning Your manuals, guidelines, policies, or procedures related to the Agreement and the First Amendment, including, but not limited to, the process for approving Members, supplying the list of all current Members to Plaza, and reviewing and analyzing the monthly mortgage purchase report as described and used in the Agreement and the First Amendment.

14. All Documents and Communications concerning any audits You performed as provided in section 12 of the Agreement.

15. All documents and communications reflecting or describing Lenders One's written notice of a claim for indemnification pursuant to section 17.3 of the Agreement.

16. All Documents and Communications You reviewed in making the decision to draft and send the Demand Letter, including but not limited to, Documents and Communications reviewed in any internal review of the monthly mortgage purchase report, as that term is defined and used in the Agreement and First Amendment.

17. All Documents and Communications related to any valuation, estimates, or other analyses of Lenders One's losses arising out of any purported breaches of the Agreement and First Amendment.

18. All Documents and Communications concerning the formulation, meaning, or

interpretation of any term, provision, or condition of the Agreement and First Amendment that You contend or may contend Plaza purportedly breached.

19. Copies of any report(s) by any Person(s) that You expect to call at trial as expert witness(es), and all Documents and Communications concerning facts and data considered by such Person(s) in rendering their report(s).

20. All Documents and Communications identified by You in response to Plaza's First Set of Interrogatories served contemporaneously herewith.

21. All Documents and Communications upon which You may rely at any time in this Action, including, but not limited to, any trial in this Action to establish or prove any part of Your case, or which You may introduce into evidence for any purpose whatsoever in this Action.

| | |
|---|---|
| Dated: October 18, 2024 | COHEN ZIFFER FRENCHMAN & MCKENNA LLP |
| | /s/ *Alexander M. Sugzda* |
| | Alexander M. Sugzda |
| | Erica Sweeting |
| | Jay C. Hauser |
| | 1325 Avenue of the Americas |
| | New York, New York 10019 |
| | Tel: (212) 584-1890 |
| | Fax: (212) 584-1891 |
| | asugzda@cohenziffer.com |
| | esweeting@cohenziffer.com |
| | jhauser@cohenziffer.com |
| | *Attorneys for Defendant Plaza Home Mortgage, Inc.* |