

**Alexander M. Sugzda**

212-584-1812                           1325 Avenue of the Americas                    212-584-1890 P
asugzda@cohenziffer.com                New York, NY 10019                            212-584-1891 F

December 9, 2024

**VIA ECF & EMAIL**
Hon. Laura Taylor Swain, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312
SwainNYSDCorresp@nysd.uscourts.gov

> RE:    ***Best Partners Mortgage Cooperative, Inc. d/b/a Lenders One v. Plaza
> Home Mortgage, Inc.***, **No. 24-cv-05184-LTS (S.D.N.Y.) – Defendant's
> Letter Motion for a Pre-Motion Discovery Conference**

Dear Chief Judge Swain:

We represent Defendant Plaza Home Mortgage, Inc. ("Plaza"), in the above-referenced action. Plaza submits this letter motion pursuant to Local Civil Rule 37.2 and Section A.2 of Your Honor's Individual Practices to request a pre-motion discovery conference in advance of filing a motion to compel Plaintiff Best Partners Mortgage Cooperative, Inc. d/b/a Lenders One ("Lenders One," and, together with Plaza, the "Parties") to respond to Plaza's First Set of Interrogatories and First Set of Requests for Production of Documents (together, the "Discovery Requests").

**Disputed Issue**

Plaza served the Discovery Requests on Lenders One on October 18, 2024. Federal Rule of Civil Procedure ("Rule") 33(b)(2) provides that "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories," and Rule 34(b)(2)(A) provides that "[t]he party to whom the request [to produce documents] is directed must respond in writing within 30 days after being served." No stipulation or court order set a shorter or longer time to respond to Plaza's Discovery Requests, meaning the responses were due by November 18, 2024. Lenders One has not served any responses. Plaza therefore requests a pre-motion discovery conference in advance of filing a motion to compel responses under Rule 37(a)(3)(B)(iii) and (iv).

Lenders One argues that it is not required to serve responses to the Discovery Requests because it filed a motion for judgment on the pleadings and a motion to stay discovery on November 18, 2024, the date it was required to serve responses to the Discovery Requests. Lenders

Hon. Laura Taylor Swain, U.S.D.J.
December 9, 2024
Page 2

One has claimed both that its motion to stay discovery "*is* a protective order" and also that the motion to stay is a *motion for* a protective order, despite the fact that its motion to stay discovery makes no specific reference to the Discovery Requests and, indeed, never uses the words "protective order." The merits of Lenders One's motion to stay discovery have been briefed by the parties (*see* ECF Nos. 18, 19), and, for the reasons stated in Plaza's opposition brief, the motion should be denied and Lenders One should not be able to deny Plaza the discovery it seeks to prove its case. *See* ECF No. 19 at 23–24. However, it is self-evident that a party filing a motion does not immediately bestow upon itself the relief being sought. There is no stay of discovery or protective order entered in this case. Lenders One had ample opportunity and numerous mechanisms to seek a protective order prior to the date its discovery responses were due; it chose to wait to seek any relief until the date the responses were due. This belated attempt does not excuse it from its obligations under the Rules. And it is well-established that filing a motion for judgment on the pleadings does not automatically stay discovery. *See, e.g., Palladino v. JPMorgan Chase & Co.*, ___ F. Supp. 3d ___, 2024 WL 1672282, at *2 (E.D.N.Y. Apr. 18, 2024) ("The filing of a dispositive motion in and of itself does not halt discovery obligations." (internal quotation marks omitted)). Thus, the fact that Lenders One is also seeking judgment on the pleadings (which, for the reasons explained in Plaza's opposition, also must be denied because Plaza has denied the allegations that Lenders One claims entitle it to judgment and has asserted valid affirmative defenses) does not provide any further support for Lenders One's position.

Plaza has sought limited and targeted discovery on subjects implicated by its affirmative defenses. Lenders One has not made any showing of any specific burden or expense caused by any of Plaza's Discovery Requests. And Plaza will suffer significant, and unfair, prejudice if Lenders One is able to unilaterally cease participating in discovery: Plaza has sought discovery on topics necessary to its defenses against the causes of action asserted by Lenders One, Lenders One cannot deprive Plaza of access to that necessary information by failing to respond.

Rule 37(d)(1)(A)(ii) allows the Court to order sanctions where a party has failed to respond to interrogatories or a request for production. As stated below, Plaza conferred with Lenders One in good faith in an effort to obtain the answers or responses to its Discovery Requests without court action. Rule 37(d)(3) provides that the Court may order sanctions enumerated in the Rule, but also "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." As Lenders One's failure to provide discovery responses is unjustified, and no other circumstances make the award unjust, Plaza requests that the Court order Lenders One to pay its expenses, including attorney's fees, caused by Lenders One's failure, as well as any other sanctions the Court deems just and proper.

**<u>Certification</u>**

Plaza has used its best efforts to informally resolve the dispute presented herein. The Parties met and conferred by videoconference and have exchanged letters outlining their respective legal and factual positions. Plaza's request is not being made on consent.

*    *    *

Cohen Ziffer Frenchman & McKenna LLP

Hon. Laura Taylor Swain, U.S.D.J.
December 9, 2024
Page 3

     Plaza thanks the Court for its time and attention to this matter.

             Respectfully submitted,

             Alexander M. Sugzda

cc:     All Counsel of Record – via ECF and email