

December 12, 2024

**Melissa F. Brill**
Direct Phone  212-908-1257
mbrill@cozen.com

**John R. Ewell**
Direct Phone  212-908-1396
jewell@cozen.com

**VIA ECF**
Hon. Jennifer E. Willis
United States Magistrate Judge
40 Foley Square, Room 425
New York, NY 10007

Re:   Response to Defendant's Requests for Leave to Move to Compel Discovery Responses
      *Best Partners Mortgage Cooperative, Inc. d/b/a Lenders One v. Plaza Home Mortgage, Inc.*
      Civil Case No.: 1:24-cv-05184-LTS-JW

Dear Magistrate Judge Willis:

We represent Plaintiff, Best Partners Mortgage Cooperative, Inc. d/b/a Lenders One ("Lenders One"). On November 18, 2024, Lenders One filed a Motion for Judgment on the Pleadings, Motion to Strike Affirmative Defenses, and Motion to Stay Discovery ("Motions"). **Dkt. #17 & 18**. As relevant here, Lenders One moved to stay discovery pursuant to Federal Rule of Civil Procedure 26(c)(1). On December 2, 2024, Plaza filed its opposition to the Motions. **Dkt. #19 & 20**. Lenders One's reply in further support of its Motions is due December 16, 2024.

On December 9, 2024, Plaza filed a letter motion requesting the Court's permission to move to compel discovery responses (**Dkt #23**), notwithstanding the pending Motion to Stay Discovery. **Dkt. #19 & 20**. We write to set forth Lenders One's position and to seek an Order clarifying the scope of discovery while Lenders One's Motion for Judgment on the Pleadings and Motion to Strike Plaza's Affirmative Defenses ("Rule 12(c) Motions") are pending.

**Relevant Background and Procedural History**

This is a simple breach of contract action. Plaza entered into a Preferred Investor Agreement ("Agreement") with Lenders One that required Plaza to pay monthly Production Marketing Fees to Lenders One on each loan it purchases from Lenders One members. *See* **Dkt #1 ("Compl."), Ex. 1, § 3(a)**. From August 2023 to the present, Plaza failed to pay the Production Marketing Fees in breach of the Agreement. *See Compl.*

On September 24, 2024, Lenders One advised in a joint letter to the Court that it anticipated moving for judgment on the pleadings and to stay discovery. *See* **Dkt #14, p. 2, 3**. On November 18, 2024, Lenders One moved, pursuant to Federal Rules of Civil Procedure 12(c), 12(f), and 12(h)(2)(B), for Judgment on the Pleadings and to Strike Plaza's Affirmative Defenses. *See* **Dkt #18 ("Plaintiff MOL")**. Because Plaza's liability can be decided on the pleadings, Lenders One further moved to stay discovery while the Rule 12(c) Motions are pending. *Id.* This proposed stay applies to Plaza's pending written discovery. *See id.* at p. 20 (a stay of all discovery "avoids potential duplication, inefficiency, and burden to Lenders One of, among other things, **being required to respond to written discovery** and to produce witnesses for multiple depositions.") (emphasis added).

**Lenders One Timely Moved to Stay Discovery and Has Shown Good Cause for Imposing a Stay**

Plaza admits that Lenders One timely filed its Motion to Stay Discovery on the responsive deadline. This District has held that:

"A party … from whom discovery is sought may move for a protective order.... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." Fed.R.Civ.P. 26(c)(1). "The party seeking a protective order bears the burden of establishing that good cause for the order exists." *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y.2010)…
**'Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay**….

*In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013) (emphasis added).

Here, Lenders One moved for a protective order[1]—a Motion to Stay Discovery—while the Rule 12(c) Motions are pending. The requests for production and interrogatories at issue fall squarely within the scope of Lenders One's Motion to Stay Discovery. Lenders One has shown good cause for imposing a stay because as set forth in Lenders One's Motion to Stay Discovery:

1. Conducting discovery while the Rule 12(c) Motions are being briefed and decided by the Court indisputably would be burdensome to the parties and potentially to the Court. **See discussion at Plaintiff MOL, p. 18**.

2. A stay of discovery during the pendency of the Rule 12(c) Motions will not unfairly prejudice Plaza. Plaza cannot contend that there is any urgency to conduct discovery in defense of Lenders One's breach of contract claims. To the contrary, Plaza requires no discovery in connection with Lenders One's Motion for Judgment on the Pleadings. *Id.* at p. 19.

3. The substantive merits of Lenders One's 12(c) Motions favor a stay of discovery. Id. Lenders One's Rule 12(c) Motions, founded on breach of contract claims, have "substantial grounds" that are potentially dipositive of the case. *Id.*

4. There is a strong likelihood that the majority of any pre-ruling discovery will turn out to have been unnecessary. *Id.* at p. 18.

5. The stay is short and will not unfairly prejudice Plaza. Plaza has not, and cannot, articulate how waiting a few months and having clarity on the scope of any required discovery will prejudice it. *Id.* at p. 19.

**A Stay of Discovery Preserves the Court's and Parties' Resources**

Plaza's breach of contract claim can and should be decided on the pleadings. Subjecting the parties to the costs and expenses that would result from discovery, as well as the potential waste of Court resources, is not warranted. Staying discovery pending the disposition of Lender's One's Motions would avoid unnecessary and time-consuming discovery. *See Integrated Sys. & Power, Inc. v. Honeywell*, 2009 WL 2777076, at *1 (S.D.N.Y. 2009) (granting party's motion to stay discovery on this basis).

Alternatively, Lenders One requests a stay of all discovery except discovery into Lenders One's damages. *Id.* at p. 20. As noted in our motion, should Lenders One prevail on its Rule 12(c) Motions, the Court may order an inquest on the amount of damages. If the Court is inclined to permit damages discovery

---

[1] Plaza argues that a motion to stay discovery is not a "protective order." This is plainly incorrect. A motion to stay discovery is a protective order under Rule 26(c)(1). *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277 (S.D.N.Y. Mar. 7, 1996) (granting motion to stay discovery brought under Rule 26(c)(1) and staying all discovery pending the outcome of Rule 12(b)(6) motion). Plaza has not submitted any legal authority refuting Lenders One's position that a motion to stay discovery is a protective order under Rule 26(c)(1).

during the pendency of the Rule 12(c) Motions, Lenders One requests such discovery be limited to written discovery on Lenders One's damages. **Plaintiff MOL, p. 20** (citing *VoiceAge*, 926 F.Supp.2d at 526 (granting judgment on the pleadings for breach of contract but permitting "development of the factual record" on narrow issue of damages); *Ruocchio v. Panera LLC*, 2023 WL 2403627, at *4 (E.D.N.Y. Mar. 8, 2023) (staying all discovery pending the outcome of Rule 12(c) Motion but allowing paper discovery on movant's damages). This avoids potential duplication, inefficiency, and burden to Lenders One of, among other things, being required to respond to written discovery and produce witnesses for multiple depositions. **Plaintiff MOL, p. 20**.

### This District Routinely Stays Discovery While Rule 12(c) Motions are Briefed and Decided

Plaza is correct that filing a motion for judgment on the pleadings does not automatically stay discovery. That is why Lenders One concurrently moved to stay discovery. Courts routinely stay discovery while Rule 12(c) motions are being briefed and decided. *See Integrated Sys. & Power, Inc. v. Honeywell*, 2009 WL 2777076, at *1 (S.D.N.Y. 2009); *Johnson v. NYU*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (same); *VoiceAge Corp. v. RealNetworks*, 926 F. Supp. 2d 524, 526 (S.D.N.Y. 2013) (granting judgment on the pleadings for breach of contract but permitting "development of the factual record" on damages). *See also Ruocchio v. Panera LLC*, 2023 WL 2403627, at *4 (E.D.N.Y. Mar. 8, 2023) (staying all discovery pending the outcome of Rule 12(c) Motion but allowing paper discovery on movant's damages).

### Sanctions Are Unwarranted

In moving to stay discovery, Lenders One requested a stay of all written discovery served upon it. *See id.* **at p. 20**. Because Lenders One filed a protective order (i.e., the Motion to Stay Discovery) and sought the Court's guidance on the scope of discovery, an award of sanctions or expenses is wholly unwarranted. *See* Rules 26(c)(1); Rule 37(d)(3). Sanctions should not be imposed where a party timely moves for a protective order and seeks the Court's protection and direction. A ruling on Plaintiff's Motion to Stay Discovery will clarify the scope of discovery while the Rule 12(c) Motions are briefed and decided. Plaza has not been, and will not be, unfairly prejudiced by a temporary stay.

If Lenders One's motion to stay discovery is denied, Lenders One respectfully requests, due to the pendency of the application for a stay of discovery, an Order that:

(1) neither party will be deemed to have waived any legitimate objections that they may have to any discovery request; and
(2) allowing Lenders One 60 days to object and respond to Plaza's discovery demands.

*See, e.g., Fadlevich v. JD 34th Realty LLC*, 2020 WL 13556526, at *7 (E.D.N.Y. Apr. 15, 2020) (Ordering that "[d]ue to the pendency of the application for a stay of discovery, neither party will be deemed to have waived any legitimate objections that they may have to any discovery request" and setting forth a discovery schedule).

In closing, we respectfully reiterate that the parties would benefit from an Order clarifying the scope of discovery while the Rule 12(c) Motions are pending. Alternatively, a court conference may be beneficial to address these issues. We thank the Court for its time and attention in this matter.

Respectfully Submitted,

By:    Melissa F. Brill

cc: **VIA ECF**

    Hon. Laura Taylor Swain
    Chief District Judge
    Daniel Patrick Moynihan United States Courthouse
    500 Pearl St.
    New York, NY 10007-1312

    Defense Counsel
    Alex Sugzda
    Cohen Ziffer Frenchman & McKenna