UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

BEST PARTNERS MORTGAGE COOPERATIVE,
INC. d/b/a LENDERS ONE,

                                         Case No.:  1:24-cv-5184-LTS-JW
                     Plaintiff,

    -against-

PLAZA HOME MORTGAGE, INC.,

                     Defendant.
-------------------------------------------------------------------------X

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR  JUDGMENT ON THE PLEADINGS, MOTION TO STRIKE AFFIRMATIVE  DEFENSES, AND MOTION TO STAY DISCOVERY**

Melissa F. Brill, Esq. (MB 4374)
John Ewell, Esq. (JE 2017)
COZEN O'CONNOR
3 WTC, 175 Greenwich St, 55th Floor
New York, NY 10007
(212) 908-1257
mbrill@cozen.com
jewell@cozen.com
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**Page**

POINT I - THE MATERIALS OUTSIDE THE PLEADINGS SUBMITTED BY PLAZA SHOULD BE EXCLUDED FROM CONSIDERATION.......................................................... 1

POINT II - LENDERS ONE IS ENTITLED TO JUDGMENT ON THE PLEADINGS ON ITS BREACH OF CONTRACT CLAIM.......................................................... 1

    1.   Plaza's Admissions and the Agreement Establish Plaza's Breaches of the Agreement ............................................................................................................... 2

    2.   The Court Should Reject Plaza's Denials That Are Inconsistent with the Agreement ............................................................................................................... 2

    3.   Plaza Does Not Allege or Identify any Breach of the Agreement by Lenders One ............ 3

    4.   *VoiceAge* is Directly on Point while *Virgin Group* is Entirely Distinguishable ................ 3

POINT III - LENDERS ONE'S MOTION TO STRIKE IS TIMELY.......................................... 5

    1.   The Motion to Strike Can and Should be Considered Under Rules 12(c) and Rule 12(h)(2)(B)............................................................................................................ 5

    2.   Neither Party Cites a Case in the Second Circuit Where a Rule 12(f) Motion Has Been Barred as Untimely........................................................................................ 5

    3.   *Red Label* Supports Lenders One, Not Plaza ..................................................... 6

POINT IV - JUDICIAL NOTICE CANNOT BE TAKEN FOR THE TRUTH OF THE MATTERS ASSERTED IN THE ACMO ACTION COMPLAINT ..................................... 7

POINT V - PLAZA'S ALLEGATIONS IN THE ACMO ACTION COMPLAINT DO NOT NEGATE THAT PLAZA BREACHED THE AGREEMENT..................................... 7

POINT VI - PLAZA DOES NOT NEED DISCOVERY FROM LENDERS ONE TO DETERMINE WHY PLAZA CEASED PAYING THE FEES ............................................ 9

POINT VII - ALL PLAZA'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN WITH PREJUDICE......................................................................................................... 9

    1.   Plaza's Affirmative Defenses Fail to Meet Minimal Pleading Standards .......................... 9

    2.   All of Plaza's Affirmative Defenses Lack Legal Basis ..................................................... 10

POINT VIII - DISCOVERY SHOULD BE STAYED WHILE THE RULE 12(c) MOTIONS ARE PENDING............................................................................................. 13

A.  Plaza Seeks Exceedingly Broad Discovery That Would Be Burdensome to Lenders One ........................................................................................................ 13

B.  Plaza Does Not Articulate How It Would Be Prejudiced by a Stay of Discovery ............ 14

C.  Lenders One's Rule 12(c) Motions Are Potentially Dispositive and Not Unfounded in Law. Therefore, a Stay is Warranted .......................................................... 14

CONCLUSION ............................................................................................................................. 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barbato v. U.S. Bank*,
  2016 WL 158588 (S.D.N.Y. 2016)............................................................................................3

*Chevron Corp. v. Salazar*,
  2011 WL 3628843 (S.D.N.Y. Aug. 17, 2011)..........................................................................5

*Elliott v. Nestle Waters N. Am. Inc.*,
  2015 WL 1611316 (S.D.N.Y. Mar. 3, 2015) ............................................................................1

*Estee Lauder v. Origins Natural Res.*,
  189 F.R.D. 269 (S.D.N.Y. 1999) ..........................................................................................5, 6

*FDIC v. Concordia*,
  2024 WL 4362783 (S.D.N.Y. Sept. 30, 2024)..........................................................................7

*Int'l Star Class Yacht Racing v. Tommy Hilfiger*,
  146 F.3d 66 (2d Cir. 1998).......................................................................................................7

*McCarthy v. Dun & Bradstreet*,
  482 F.3d 184 (2d Cir. 2007)......................................................................................................9

*MFW Assocs., LLC v. Plausteiner*,
  2016 WL 1246564 (S.D.N.Y. Mar. 24, 2016) ..........................................................................5

*Novick v. AXA Network*,
  714 F. App'x 22 (2d Cir. 2017) .................................................................................................8

*Red Label Music Publishing, Inc. v. Chila Productions*,
  388 F. Supp. 3d 975 (N.D. Ill. 2019) ........................................................................................6

*Rivera v. Heyman*,
  1997 WL 86394 (S.D.N.Y. Feb. 27, 1997)..............................................................................15

*Rudman v. Cowles Commc'ns, Inc.*,
  30 N.Y.2d 1 (1972) ....................................................................................................................8

*Thea v. Kleinhandler*,
  807 F.3d 492 (2d Cir. 2015)......................................................................................................9

*Virgin Group Holdings v. Energy Parametrics Commc'ns*,
  2011 WL 4448943 ..................................................................................................................3, 4

*VoiceAge Corp. v. RealNetworks, Inc.*,
   926 F. Supp. 2d at 526 ...................................................................................................3, 4

*White Plains Hous. Auth. v. Getty Properties Corp.*,
   2014 WL 7183991 (S.D.N.Y. Dec. 16, 2014) ...........................................................1

**Other Authorities**

Fed. R. Evid. 201(b).............................................................................................................7

Rule 8 ..................................................................................................................................10

Rule 12 ..................................................................................................................................3

Rule 12(b)(6)..........................................................................................................................5

Rule 12(c)................................................................................................................... *passim*

Rule 12(d) ..............................................................................................................................1

Rule 12(f) ............................................................................................................................5, 6

Rule 12(f)(1) ..........................................................................................................................6

Rule 12(h)(2)(B) .....................................................................................................................5

Rule 26 ..................................................................................................................................13

## POINT I - THE MATERIALS OUTSIDE THE PLEADINGS SUBMITTED BY PLAZA SHOULD BE EXCLUDED FROM CONSIDERATION

Plaza[1] submits numerous matters outside the pleadings, all of which should be excluded on motions brought pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). Rule 12(d) provides that: "If… matters outside the pleadings are presented to **and not excluded by the court***, the motion must be treated as one for summary judgment under Rule 56," rather than as a motion for judgment on the pleadings under Rule 12(c) (emphasis added).

Plaza floods this court with new contentions, new claimed factual support for its affirmative defenses, and new documents, including its counter-statement of facts, Altisource's fiscal report, Plaza's discovery demands, and its subjective characterizations of the ACMO Coverage Litigation.[2] Dkt #19 ("Opp. Br."); Dkt #20, Alexander M. Sugzda Declaration dated December 2, 2024 ("Sugzda Dec."). All are "matters outside the pleadings." Since the materials submitted do not conclusively refute Plaza's liability under the Agreement, they cannot convert Lenders One's Rule 12(c) motions into a summary judgment motion and should be excluded from consideration. *Elliott v. Nestle Waters N. Am. Inc.*, 2015 WL 1611316, at *5 (S.D.N.Y. Mar. 3, 2015) (excluding material submitted outside the pleadings). Therefore, the Declaration of Alexander Sugzda and its exhibits should be struck. *See White Plains Hous. Auth. v. Getty Properties Corp.*, 2014 WL 7183991, at *3 (S.D.N.Y. Dec. 16, 2014) (striking affidavits and reports as materials outside the pleadings).

## POINT II - LENDERS ONE IS ENTITLED TO JUDGMENT ON THE PLEADINGS ON ITS BREACH OF CONTRACT CLAIM

---

[1] Defined terms have the same meanings set forth in Lenders One's Memorandum of Law ("Plaintiff MOL").

[2] "ACMO Coverage Litigation" refers to Plaza's action captioned *Plaza Home Mortgage, Inc., v. Association of Certified Mortgage Originators Risk Retention Group, Inc., CastleLine Risk & Insurance Services, LLC, and Altisource Portfolio Solutions, Inc*., which is also pending before Chief Judge Laura Taylor Swain and Magistrate Judge Jennifer Willis, Civil Case No. 1:24-cv-02191-LTS-JW.

1. **Plaza's Admissions and the Agreement Establish Plaza's Breaches of the Agreement**

A plaintiff seeking to recover for breach of contract under New York law must prove (1) the existence of a contract, (2) plaintiff's performance, (3) breach by defendant, and (4) damages. *See* Plaintiff MOL, p. 5.

The pleadings (including Plaza's concessions) and the Agreement establish Lenders One's right to judgment on its breach of contract claim. Plaza admits that the parties entered into and are bound by the Agreement, that the Agreement is valid and enforceable (*See* Plaintiff MOL, p. 5), and that it ceased paying the Production Marketing Fees required by the Agreement.[3] *Id.* at p. 6-7; **Dkt. #12 ("Ans."), ¶ 25** (Plaza "made *certain* payments pursuant to the Agreement" [emphasis added]). It cannot be reasonably disputed that Lenders One suffered damages when Plaza withheld payments due under the Agreement. *See* Plaintiff MOL, p. 7-8.

Plaza contends that judgment on the pleadings cannot be granted because Plaza did not admit Lenders One's performance under the Agreement. Opp. Br. p. 8. But this is not so. Plaza has not identified any provision of the Agreement that Lenders One has breached, and this Court can reject Plaza's denials that are inconsistent with the Agreement, as detailed below.

2. **The Court Should Reject Plaza's Denials That Are Inconsistent with the Agreement**

Plaza's denials inconsistent with the Agreement should be rejected in favor of the Court's plain reading of the Agreement. Plaza contends it "clearly, explicitly, and often—dispute[d]… it committed any breach of the Agreement" and that this Court must accept Plaza's denials of breaching the Agreement as true. Opp. Br. p. 9-10, 1, 6, 7.

---

[3] As detailed below, Plaza claims its breaches of the Agreement are justified because the defendants in the ACMO Coverage Litigation denied insurance coverage to Plaza. Opp. Br. p. 2-4, 15-19, 21, 23-24. However, the Agreement is an entirely separate contract from the insurance policies at issue in the ACMO Coverage Litigation. *See* Point V, *infra*.

But this is not so. On Rule 12 motions concerning contracts, disputed facts extrinsic to and contradicted by the document itself –including allegations in the pleadings–cannot be relied upon to address the legal question presented within the four corners of the document. *Barbato v. U.S. Bank*, 2016 WL 158588, at *5 (S.D.N.Y. 2016) (where nonmovant's assertions are "belied by the unambiguous terms of the [Agreement] itself," "the Court is not required to accept such clearly contradictory allegations as true for the purposes of this [Rule 12] motion"). Therefore, this Court has the authority to reject Plaza's denials that are inconsistent with this Court's plain reading of the Agreement.

### 3.  Plaza Does Not Allege or Identify any Breach of the Agreement by Lenders One

Lenders One is entitled to judgment on the pleadings because Plaza breached its obligations under the Agreement. *See* **Dkt #1 ("Compl.")**. Plaza has not alleged or identified any breach of the Agreement by Lenders One. Plaza's attempt to pull in wholly unrelated contracts exposes that Plaza has no legal defense for its breaches of the Agreement at issue in this case. Tellingly, nowhere in its opposition papers or Answer has Plaza identified any provision of the Agreement that Lenders One has breached or any facts to support a breach. Plaza cannot do so because it has already conceded: (a) that Lenders One provided precisely what it promised under that contract – access to the Members; and (b) that Plaza has obtained the benefits of this access.

### 4.  *VoiceAge* is Directly on Point while *Virgin Group* is Entirely Distinguishable

Despite Plaza's arguments to the contrary, *VoiceAge* (Plaintiff MOL, p. 4, 5, 7, 20) is directly on point with this case. There, RealNetworks agreed to pay VoiceAge royalties for downloads of a software application. *VoiceAge*, 926 F. Supp. 2d at 526. After RealNetworks ceased paying royalties, VoiceAge sued for breach of contract and moved for judgment on the pleadings. *Id.* at 525. District Court Judge Katherine Forrest relied on the plaintiff's allegation that

it had performed under the agreement at issue in granting, in part, VoiceAge's motion for judgment on the pleadings.[4] The facts here are analogous. Plaza agreed to pay Production Marketing Fees on each transaction with Lenders One members and then it stopped making those payments.

Plaza admits that, in *VoiceAge*, "the court… accepted as true the facts that one party performed and the other party's performance was due." Opp. Br. p. 10. This makes sense. If courts in a breach of contract claim could not disregard self-serving denials in favor of the Court's construction of the contract, courts would forever lack authority to grant judgment on the pleadings in a breach of contract claim. As in *VoiceAge*, the Agreement refutes Plaza's denial of Lenders One performance.[5] Upon Plaza being provided access to Lenders One members, the Agreement did not require further performance by Lenders One. ***See* Compl., Ex. 1 & 2**.

We respectfully submit that this Court can, as in *VoiceAge*, disregard Plaza's self-serving denials in favor of the Court's plain reading of the Agreement. Tellingly, Plaza's opposition papers do not identify any lack of performance by Lenders One. Neither does Plaza's Answer or affirmative defenses. Plaza does not claim it needs discovery into Lenders One performance (*see* Opp. Br.), nor did it serve discovery into Lenders One's performance. *See* Sugzda Dec., Ex. C & D.

For the reasons in the moving papers and above, the pleadings and Agreement establish (1) the existence of a contract, (2) plaintiff's performance, (3) breach by defendant, and (4) damages.

---

[4] In *VoiceAge*, the plaintiff alleged that "VoiceAge has fully performed, and continues to perform, its obligations under the License Agreement." Civil Case No.1:12-cv-05753-KBF, Dkt #1, ¶ 34. In its Answer, RealNetworks alleged that it lacked information about VoiceAge's performance and denied the allegation. *Id.* at Dkt. #34, ¶ 34. It appears that because RealNetworks was paying a fee each time it downloaded a song, District Judge Katherine Forrest credited the plaintiff's allegation that it performed its contractual obligations over the defendant's denial based on her construction of the contract. Plaza concedes this. Opp. Br. p. 10.

[5] *Virgin Group* was decided on entirely different facts and is distinguishable because, unlike here, the plaintiff's "obligation to perform had not arisen." 2011 WL 4448943. *Virgin Group* is inapposite because Lenders One provided what it promised (access to Lenders One members). **Compl., Ex. 1 & 2**. Separately, Plaza's renewal of the Agreement establishes Plaza received the access promised. ***Id.*, Ex. 2**.

Plaza's pleading and opposition papers have not refuted this. Therefore, judgment on the pleadings on Lenders One's breach of contract claim is warranted.[6]

## POINT III - LENDERS ONE'S MOTION TO STRIKE IS TIMELY

### 1. The Motion to Strike Can and Should be Considered Under Rules 12(c) and Rule 12(h)(2)(B)

The Motion to Strike is timely under Rule 12(c) and Rule 12(h)(2)(B). Rule 12(h)(2)(B) provides that "Failure to … state a legal defense to a claim may be raised … by a motion under Rule 12(c)." Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial."

Plaza contends that the Motion to Strike is untimely under Rule 12(f). Opp. Br. p. 11. Lenders One, however, also moved to dismiss these defenses under Rule 12(c),[7] which does not contain a strict time limitation. The Federal Rules require only that a motion for judgment on the pleadings be brought after the close of pleadings, "but early enough not to delay trial." *See* Fed. R. Civ. P. 12(c). *See, e.g.*, *Chevron Corp. v. Salazar*, 2011 WL 3628843, \*4-13 (S.D.N.Y. Aug. 17, 2011) (granting motion to dismiss affirmative defenses under Rules 12(h)(2)(B) and 12(c)). As such, the Motion to Strike is timely and should be considered under Rules 12(c) and 12(h)(2)(B).[8]

### 2. Neither Party Cites A Case in the Second Circuit Where a Rule 12(f) Motion Has Been Barred as Untimely

Plaza has not found a case in the Second Circuit in which a Rule 12(f) motion has been barred for untimeliness. In contrast, in *Estee Lauder v. Origins Natural Res.*, 189 F.R.D. 269

---

[6] As this Court can decide Plaza's contractual liability on the pleadings, it can likewise declare Plaza's contractual obligation to provide reporting and pay fees until six months after termination. *See* Plaintiff MOL, Point III. In opposition, Plaza provides no cogent argument as to why this Court cannot adjudicate the declaratory judgment claim; it merely offers a bald conclusion that it should not. Opp. Br. p. 23.

[7] Rule 12(c) is a different "vehicle" than Rule 12(f). *See Plausteiner*, *infra*.

[8] A Rule 12(c) motion is the functional equivalent of a Rule 12(b)(6) motion. Courts in this circuit have made clear that a defendant who does not move to strike within the 20-day timeframe can still timely move under Rule 12(c) and Rule 12(h)(2)(B). *See, e.g., MFW Assocs., LLC v. Plausteiner*, 2016 WL 1246564, at \*4 (S.D.N.Y. Mar. 24, 2016) ("proper vehicle would have been a motion under Rule 12(c) for judgment on the pleadings," citing Rule 12(c) and Rule 12(h)(2)(B)).

(S.D.N.Y. 1999), the plaintiff submitted its Motion to Strike more than 20 days after service of the answer. The court held that the motion would not be denied for untimeliness because the 20-day rule under 12(f) is rendered "essentially unimportant" by the court's discretion to strike any redundant, immaterial, impertinent, or scandalous references in a pleading at any time. *Id.* at 271.

### 3. *Red Label* Supports Lenders One, Not Plaza

In *Red Label Music ("Red Label")*, the plaintiff's motion had been denied as untimely because the plaintiff moved under Rule 12(f) only. 388 F. Supp. 3d 975, 981 (N.D. Ill. 2019). *Red Label* expressly held that the Motion to Strike would have been timely if it had been brought under Rule 12(c). *Id.* ("the proper path to take would have been for the plaintiffs to move under Rule 12(c)…"). Plaza omits this clearly significant statement from its discussion of the *Red Label* case. Additionally, Rule 12(f) provides that a court may order an insufficient defense struck from a pleading at any time on its own initiative. Rule 12(f)(1). *See also Red Label* at 981.

**POINT IV - JUDICIAL NOTICE CANNOT BE TAKEN FOR THE TRUTH OF THE MATTERS ASSERTED IN THE ACMO ACTION COMPLAINT**

The Complaint from the ACMO Coverage Litigation ("ACMO Action Complaint") is not in the responsive pleading nor attached to it and should not be considered in evaluating the sufficiency of Plaza's pleading of its affirmative defenses. Plaza submitted the ACMO Action Complaint for the first time in opposition to this motion. Sugzda Dec., Ex. A.

Plaza asks this Court to take judicial notice of the truth of the matters asserted in that complaint in evaluating the sufficiency of Plaza's pleading of its affirmative defenses. Opp Br. p. 2-4, 15-21.[9] In other words, Plaza asks the Court to read its allegations from the ACMO Action Complaint into its Answer in this matter (Opp Br. p. 2-4, 15-21) and accept them as true (*id.* at p.

---

[9] *See, e.g.*, Opp. Br. p. 16 (asking this Court to read "the allegations in Plaza's related complaint in the ACMO Action against Lenders One's affiliates and/or alter egos…" into Plaza's threadbare affirmative defenses asserted in this matter); p. 17 ("Plaza has alleged those facts … in the ACMO Action Complaint.")

6

4)—even though Plaza never pleaded those allegations in its Answer.[10] ***See* Ans.** The Federal Rules of Evidence and Second Circuit case law forbid doing so. Fed. R. Evid. 201(b); *See Tommy Hilfiger, infra*; *Concordia*, *infra*.

Courts may take judicial notice of a fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts cannot take judicial notice of allegations from a pleading in a different lawsuit for the truth of the matters asserted in such pleading. *Int'l Star Class Yacht Racing v. Tommy Hilfiger*, 146 F.3d 66, 70 (2d Cir. 1998); *FDIC v. Concordia*, 2024 WL 4362783, at *2 (S.D.N.Y. Sept. 30, 2024). This is precisely what Plaza asks this Court to do. Opp Br. p. 2-4, 15-21. Plaza does not argue, nor could it, that the allegations in the ACMO Action Complaint are "not subject to reasonable dispute" and "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined" from reliable sources. *See* Fed. R. Evid. 201(b). The allegations in the ACMO Action Complaint are in dispute.[11] Moreover, judicial notice cannot be taken for the truth of the matters asserted in the ACMO Action Complaint. *See Tommy Hilfiger, supra*; *Concordia*, *supra*. The ACMO Action Complaint is not properly subject to judicial notice for the purposes for which it is offered.

**POINT V - PLAZA'S ALLEGATIONS IN THE ACMO ACTION COMPLAINT DO NOT NEGATE THAT PLAZA BREACHED THE AGREEMENT**

In an attempt to avoid judgment on the pleadings and its affirmative defenses being stricken, Plaza tries to conflate the ACMO Coverage Litigation with this action. Throughout its

---

[10] Plaza's claims that "…Plaza's detailed complaint against Lenders One's affiliates and/or alter egos [was] incorporated in the Answer by reference." Opp. Br. p. 2. However, nowhere in the Answer does Plaza incorporate by reference any allegations from the ACMO Action Complaint or address which allegations specifically it wished to incorporate. ***See* Ans.**

[11] The Defendants in the ACMO Coverage Litigation filed a Motion to Dismiss, which is currently pending before Your Honor. *See* Civil Case No. 1:24-cv-02191-LTS-JW, Dkt # 22.

opposition papers, Plaza claims its breaches of the Agreement are justified because the defendants in the ACMO Coverage Litigation denied insurance coverage to Plaza. *See* Opp. Br. p. 2-4, 15-19, 21, 23-24. However, the Agreement is an entirely separate contract from the insurance policies at issue in the ACMO Coverage Litigation. As noted in the moving papers:

> The Agreement is unrelated to and separate from the insurance policies at issue in the ACMO Coverage Litigation. The contracts have entirely different subject matter—membership in an industry alliance versus insurance coverage. ***Compare* Compl., Ex. 1 & 2 with Civil Case No. 1:24-cv-02191[LTS], Dkt #22-4 through 22-7**. The form of the contracts are different, involved different parties, and were executed on different dates. *See id.*; *see also Rudman v. Cowles Commc'ns, Inc.*, 30 N.Y.2d 1, 13 (1972) (separateness "all but inescapable" where agreements involve formally different parties and executed on different dates). Whether the contracts are one agreement or separable can be decided based on this Court's review as a matter of law.
>
> Plaintiff MOL, p. 16 (footnotes omitted).

Nowhere does Plaza address this argument. It does not even attempt to distinguish *Rudman*. Moreover, unless the Agreement is ambiguous, a court does not look to extrinsic evidence in other writings. *Novick v. AXA Network*, 714 F. App'x 22, 25–26 (2d Cir. 2017).

Plaza's request to replead its allegations from the ACMO Coverage Litigation in this action should be denied as futile. Opp. Br. p. 22. Allowing Plaza to replead in this manner is futile because the allegations in the ACMO Action Complaint have no bearing on this litigation and do not prevent Lenders One from obtaining judgment on the pleadings. Again, the parties and contracts are completely different. The lawsuits concern two unrelated transactions. The only reason they have any connection at all is because when ACMO denied Plaza's insurance claims, Plaza made the irresponsible decision to breach the unrelated Agreement with Lenders One as some kind of retribution against Altisource. Plaza has full opportunity to litigate its insurance coverage claims in the ACMO Coverage Litigation. The claims in the ACMO Coverage Litigation are not at issue

in this action, nor will they be. Moreover, the allegations in the ACMO Action Complaint do not negate that Plaza breached the Agreement when it ceased providing the reporting and fees owed to Lenders One. Plaza's attempt to "plead" its allegations in the ACMO Coverage Litigation into its opposition brief (Opp. Br. p. 2-4, 15-19, 21, 23-24) and its request for leave to plead its allegations in the ACMO Coverage Litigation into this action (*Id.* at p. 22) should be rejected as futile. *See McCarthy v. Dun & Bradstreet*, 482 F.3d 184, 200 (2d Cir. 2007) (affirming district court's denial of leave to amend as futile because district courts have discretion to deny leave for good reason, including futility); *Thea v. Kleinhandler*, 807 F.3d 492, 496 (2d Cir. 2015) (same).

## POINT VI - PLAZA DOES NOT NEED DISCOVERY FROM LENDERS ONE TO DETERMINE WHY PLAZA CEASED PAYING THE FEES

Plaza claims it needs discovery into Lenders One's corporate structure to ascertain why Plaza ceased paying the fees it owed to Lenders One. *See* Opp. Br. p. 23. This is a bizarre argument. Plaza does not need discovery from Lenders One to justify why (1) *Plaza* ceased reporting its transactions with Lenders One members; and (2) *Plaza* ceased paying the Marketing Production Fees—all in breach of the Agreement. ***See* Compl., Ex. 1 & 2**. Those are actions Plaza took, not Lenders One. Plaza's discovery is a fishing expedition. Plaza did not possess the requested information at the time it breached and, therefore, did not rely upon it. Plaza has not counterclaimed against Lenders One. ***See* Ans.** Because Plaza has no legal claims against Lenders One, it does not need discovery from Lenders One to ascertain why *Plaza* ceased paying the fees owed to Lenders One. Plaza has not alleged or identified any breach of the Agreement by Lenders One, and therefore, Plaza's breaches of the Agreement are not justifiable nor excusable.

## POINT VII - ALL PLAZA'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN WITH PREJUDICE

### 1. Plaza's Affirmative Defenses Fail to Meet Minimal Pleading Standards

Plaza has failed to meet Rule 8's pleading requirements for the reasons detailed in the moving papers. *See* Plaintiff MOL, p. 9-16. Plaza is correct that "…when no facts are proffered in support of an affirmative defense, courts strike defenses to avoid the prejudice to a plaintiff of having to address defenses that could never affect its entitlement to relief or are purely speculative." Opp. Br. p. 13-14. We respectfully request the Court do the same here.

As detailed in the moving papers, Plaza offers barebones legal conclusions as affirmative defenses without providing any factual basis to support those defenses in its Answer. *See* Plaintiff MOL, p. 9-16. The pleading of affirmative defenses as bare conclusions has never been sufficient under Rule 8 and is certainly insufficient following the decisions in *Twombly* and *Iqbal.* Plaza's cited authorities (*In re MTBE* and *GEOMC*) do not allow threadbare affirmative defenses that lack factual support to withstand dismissal and do nothing to establish that Plaza's affirmative defenses satisfy the plausibility standard. Since no factual basis is alleged anywhere in Plaza's Answer, all Plaza's affirmative defenses should be stricken with prejudice.

### 2.  All of Plaza's Affirmative Defenses Lack Legal Basis

Plaza's affirmative defenses have no legal basis and should be stricken without leave to replead:

| Defense Alleging Failure to State a Claim | Lenders One stated a claim for breach of contract. *See* Plaintiff MOL, p. 11. Plaza's cited authorities do not change this. |
|---|---|
| Defense Alleging Failure to State a Justiciable Controversy | A breach of contract claim is a justiciable controversy within this Court's authority. *See* Plaintiff MOL, p. 11. That Plaza disagrees with Lenders One (*see* Opp. Br. p. 15) does not negate this Court's authority. Plaza has not even attempted to distinguish Lenders One's authorities. |

| | |
|---|---|
| **Defense Alleging Unclean Hands** | Unclean hands is an equitable defense to equitable claims. *See* Plaintiff MOL, p. 11. This is a breach of contract claim; the terms of the Agreement control. While Plaza attempts to distinguish *Aniero Concrete* as having been decided on summary judgment, this District routinely dismisses unclean hands defense in contract actions with prejudice. *See, e.g.*, *CUMIS Specialty Ins. Co. v. Kaufman*, 2022 WL 4534459, at *4 (S.D.N.Y. Sept. 28, 2022) (motion for judgment on the pleadings: unclean hands defense "unavailable " in a breach of contract claim). |
| **Defense Alleging Waiver, Estoppel, and Laches** | Plaza alleges no factual support for these defenses. *See* Plaintiff MOL, p. 12-13. After Plaza ceased paying the fees owed, Lenders One placed Plaza on notice of Plaza's breaches and filed this action. Plaza has not alleged any waiver or undue delay by Lenders One. *See* **Ans**. The timeline is on the face of the Complaint and attached exhibits; this Court can interpret the Agreement and strike these defenses under the applicable standard. |
| **Defense Alleging Unspecified Breach of the Duty of Good Faith and Fair Dealing** | Plaza does not allege any specific bad faith conduct by Lenders One. The opposition papers admit this. Opp. Br. p. 18. Plaza has not identified any breach of the Agreement by Lenders One and has not counterclaimed against Lenders One. Plaza has not even attempted to distinguish Lenders One's cited authority. |
| **Defense Alleging Spoliation** | Plaza has not counterclaimed against Lenders One. Since Plaza has no affirmative claims against Lenders One, the spoliation defense |

11

| | |
|---|---|
| | should be stricken. Plaza has not even attempted to distinguish Lenders One's cited authority. Also, it is impossible to see how any spoliation of evidence allegation could arise from the facts presented and conceded in the pleadings regarding the validity of the Agreement and Lenders One's performance. *See* Plaintiff MOL and above. |
| **Defense Alleging Unjust Enrichment** | Lenders One alleges contract-based claims only. The existence of a written contract precludes an unjust enrichment defense. *See* Plaintiff MOL, p. 14. While Plaza disagrees with these authorities, it neither distinguishes them nor cites legal authorities supporting its position. Opp. Br. p. 19-20. |
| **Defense Alleging Entitlement to Attorneys' Fees** | Plaza claims it is entitled to attorneys' fees if it proves Lenders One breached the Agreement. Opp. Br. p. 20. But Plaza has not counterclaimed against Lenders One for breach of contract. |
| **Defense Alleging Failure to Provide Notice of Plaza's Breach** | The documents attached to the Complaint establish that Lenders One provided Plaza prompt written notice of its default (**Compl., Ex. 3**), which Plaza admits it received. **Ans. ¶ 32**. Plaza's contention that it needs discovery into the timeline (Opp. Br. p. 20) is absurd. The timeline is on the face of the Complaint and attached exhibits; this Court can interpret the Agreement and strike Plaza's late notice defense under the applicable standard. Moreover, Plaza knew it breached when it stopped paying the fees. |
| **Defense Alleging Breach of a Separate Contract** | This defense should be stricken with prejudice for the above reasons at Points IV and V. |

Plaza's affirmative defenses should be stricken with prejudice for all the above reasons.

## POINT VIII - DISCOVERY SHOULD BE STAYED WHILE THE RULE 12(c) MOTIONS ARE PENDING

On September 24, 2024, Lenders One advised the Court in a joint letter that it would be moving for judgment on the pleadings and to stay discovery. *See* Dkt # 14, p. 2, 3. Lenders One reserved its rights to move to stay discovery notwithstanding its participation in completing court-mandated milestones (Rule 26 Initial Disclosures, service of discovery demands, etc.) while it drafted the Motion. After Plaza served oppressive written demands, Lenders One immediately and timely filed the Motion to Stay Discovery and sought the Court's guidance on the scope of discovery while the Rule 12(c) Motions are pending.

We respectfully submit that the Court should exercise its considerable discretion to stay discovery until after the determination of Lenders One's potentially dispositive motion. Alternatively, the Court could limit discovery to written discovery on the issues of Lenders One's damages pending a decision on its Rule 12(c) Motion.

### A. Plaza Seeks Exceedingly Broad Discovery That Would Be Burdensome to Lenders One

As addressed by both parties, the first factor in determining whether a stay is appropriate is the breadth of discovery sought and the burden of responding to it. Plaintiff MOL, p. 18; Opp. Br. p. 23. Plaza's proposed discovery plan demonstrates precisely why a stay is warranted here.

While Plaza claims it needs "narrowly tailored" discovery (Opp. Br. p. 23), the discovery Plaza describes is broad and far-reaching. Plaza claims that it requires written discovery from Lenders One ranging from "the relationship between Lenders One and its affiliates and/or alter egos ACMO, CastleLine, and APSI; the formation and interpretation of the Agreement and the First Amendment; performance under the Agreement and First Amendment; and Lenders One's

13

claimed damages and any other documents..." Opp. Br. p. 23. Plaza further claims it needs discovery into the parties' intent when entering the Agreement. *Id.* at 7. Responding to such discovery would be costly and burdensome for Lenders One, especially when its pending motion for judgment on the pleadings may render moot many of the liability issues on which Plaza seeks discovery. This is precisely why discovery should be stayed.

Plaza wrongly suggests discovery is needed to prevent the Court from granting judgment on the pleadings. It claims it needs a copy of the contracts (Opp. Br. p. 7), but the Agreement and Amendment are attached to the Complaint. **Compl., Ex. 1 & 2**. By definition, Lenders One's motion is limited to the pleadings; it is not a motion for summary judgment. The Court should reach a determination on the record before it and the law alone. Plaza needs no discovery to defend itself.

Plaza seeks discovery on issues that will be rendered moot if the Court grants Lenders One's Motion for Judgment on the Pleadings. Plaza never meaningfully contests Lenders One's argument that a stay is warranted because the outcome of the motion for judgment on the pleadings may substantially limit the scope of discovery. The Court's ruling on the Motion may be outcome-determinative. The weight of the law and equities strongly favors a stay of discovery so that the parties do not expend their resources until the precise scope of discovery needed, if any, is known.

**B. Plaza Does Not Articulate How It Would Be Prejudiced by a Stay of Discovery**

Plaza fails to articulate how staying discovery pending the Rule 12(c) Motions would prejudice it in this case. Plaza cannot credibly argue that waiting a few months for this Court's decision and guidance will cause actual prejudice.

**C. Lenders One's Rule 12(c) Motions Are Potentially Dispositive and Not Unfounded in Law. Therefore, a Stay is Warranted**

14

Plaza appears to argue that Lenders One must demonstrate a likelihood of success on the merits to secure a stay of discovery. Opp. Br. p. 24. If so, Plaza misstates the applicable legal standard. In considering Lenders One's motion to stay pending its Rule 12(c) Motions, this Court need only conclude "after an initial review … [that] it 'is potentially dispositive, and appears to be not unfounded in the law.'" *Negrete*, 2015 WL 8207466, at *1 (S.D.N.Y. 2015); *Spencer Trask*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

For the reasons addressed here and in the moving papers, Lenders One's Rule 12(c) Motion for judgment on its breach of contract claim is dispositive, and is well founded in the law. Accordingly, a stay is appropriate here. *See Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting stay pending decision of motion that "may significantly narrow, if not eliminate, the issues remaining in the case," in part because "proceeding with discovery while the motion is pending would waste the parties' resources").

## CONCLUSION

For the above reasons, Lenders One respectfully requests that the Court issue an Order:

1. granting Lenders One's Motion for Judgment on the Pleadings;

2. granting Lenders One's Motion to Strike Defendant's Affirmative Defenses;

3. granting Lenders One's Motion to Stay Discovery pending a decision on its Rule 12(c) Motions for Judgment on the Pleadings;

   a. Alternatively, Lenders One respectfully requests that discovery be limited to narrow, written discovery on damages pending a decision on its two Rule 12(c) Motions; and

4. For such other and further relief as the Court may deem proper.

Dated: New York, New York
       December 16, 2024

> Respectfully submitted,
> By:  s/ Melissa F. Brill
> Melissa F. Brill, Esq.

15