**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
BEST PARTNERS MORTGAGE
COOPERATIVE, INC., d/b/a LENDERS ONE,

                        Plaintiff,                        **ORDER**

               -against-                    **24-CV-5184 (LTS) (JW)**

PLAZA HOME MORTGAGE, INC.,

                        Defendant.
-------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Before the Court are two motions. The first is Plaintiff's motion to stay discovery, except damages discovery, pending a decision on their motion for judgment on the pleadings. Dkt. No. 17. The second is Defendant's motion for a pre-motion conference in advance of a motion to compel Plaintiff to provide discovery. Dkt. No. 23. For the following reasons, Plaintiff's motion to stay discovery, except damages discovery, pending the decision on their motion for judgment on the pleadings is GRANTED and Defendant's motion for a pre-motion conference is DENIED without prejudice.

**LEGAL STANDARD**

Discovery should not be routinely stayed simply because a motion has been filed. Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013). However, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Under Rule 26(c), a court has considerable

1

discretion to stay discovery. Republic of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018); Fed. R. Civ. P. 26(c)(1). The burden of establishing "good cause" falls on the party seeking the order. Republic of Turkey, 316 F. Supp. 3d, at 677. Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request. Id. Whether "good cause" was established requires a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Id. (quoting Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006).

## DISCUSSION

### I. Plaintiff's Motion to Stay Discovery

To support Plaintiff's motion to stay discovery, except damages discovery, pending a decision on their motion for judgment on the pleadings, Plaintiff gives several arguments. First, Plaintiff argues that responding to discovery while the motion is pending is unduly burdensome because Defendant's discovery requests are "broad and far-reaching" and would be costly and burdensome for Plaintiff. Dkt. No. 27, at 13. Such "broad and far-reaching" requests include discovery from Plaintiff and all "its affiliates and/or alter egos," "the formation and interpretation of the Agreement and the First Amendment," "performance under the Agreement and First Amendment," and Plaintiff's "claimed damages and any other documents." Id. (citing Dkt. No. 19, at 23.). In response, Defendant argues that such requests are "narrowly

2

tailored" and the "burden of responding to the discovery should be minimal." Dkt. No. 19, at 23.

Second, Plaintiff argues that a stay while a decision on the motion for judgment on the pleadings is pending would not unfairly prejudice the Defendant. Dkt. No. 18, at 19. This is because the motion for judgment on the pleadings does not require discovery and there is "no urgency to conduct discovery in defense of [Plaintiff's] breach of contract claims." Id. In response, Defendant argues that they would be prejudiced because they are "owed significant amounts … and seek[] to resolve these issues as soon as possible." Dkt. No. 19, at 24.

Lastly, Plaintiff argues that a stay while a decision on the motion for judgment on the pleadings is pending is appropriate because their motion for judgment on the pleadings has "substantial grounds" to be "potentially dispositive of the case." Dkt. No. 18, at 26 (citing Spencer Trask Software & Info. Servs. v. RPost Int'l, 206 F.R.D. 367, 367 (S.D.N.Y. 2002)). In response, Defendant's argue that the strength of Plaintiff's motion for judgment on the pleadings is overstated, as they "denied the allegations … entitl[ing them] to judgment on the pleadings" and asserted affirmative defenses that "require denial of the [m]otion under Second Circuit law." Dkt. No. 19, at 24.

The Court finds that a stay of discovery, except damages discovery, is appropriate. Plaintiff has established good cause as required under Fed. R. Civ. P. 26(c)(1) as it will cause the Plaintiff to suffer an undue burden. Additionally, the Court finds that Defendant will unlikely suffer unfair prejudice from the stay.

3

## II. Defendant's Motion for Pre-Motion Discovery

Defendant filed a motion requesting a pre-motion discovery conference in advance of filing a motion to compel Plaintiff to respond to their first set of interrogatories and requests for documents. Dkt. No. 23, at 1. Plaintiff argues that they are not required to serve responses because of their pending motion to stay discovery pending a decision on the motion for judgment on the pleadings. Dkt. No. 26, at 2. Because Plaintiff's motion to stay discovery was granted, the Defendant's request for a pre-motion discovery conference is DENIED without prejudice.

## CONCLUSION

For the aforementioned reasons, Plaintiff's motion to stay discovery, except damages discovery, pending the decision on their motion for judgment on the pleadings is GRANTED and Defendant's motion for a pre-motion conference is DENIED without prejudice.

SO ORDERED.

DATED:   New York, New York
         January 24, 2025

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge